Patricia L. Peden (SBN 206440)
E-mail:  ppeden@bwslaw.com
Michael A. Slater (SBN 318899)
E-mail:  mslater@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, CA  94612-3501
Tel:  510.273.8780  Fax: 510.839.9104

Attorneys for Plaintiffs/Counter-Defendants
*RG ABRAMS INSURANCE and ROBIN
GOLTSMAN*

Alden J. Parker (SBN 196808)
E-Mail:  aparker@fisherphillips.com
FISHER & PHILLIPS LLP
621 Capitol Mall, Suite 1400
Sacramento, California 95814
Telephone: (916) 210-0400
Facsimile: (916) 210-0401

Drew M. Tate (SBN 312219)
E-Mail:  dtate@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Plaintiffs/Counter-
Defendants
*RG ABRAMS INSURANCE and
ROBIN GOLTSMAN*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RG ABRAMS INSURANCE, and ROBIN GOLTSMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>THE LAW OFFICES OF C.R. ABRAMS, et al.<br><br>Defendants. | CASE NO.: 2:21-CV-194-FLA (MAAx)<br><br>**PLAINTIFFS / COUNTER-DEFENDANTS' NOTICE OF MOTION AND JOINT MOTION TO MODIFY SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**<br><br>DATE:  April 30, 2021<br>TIME:  1:30 p.m.<br>JUDGE:  Fernando L. Aenlle-Rocha<br>CTRM:  6B |
| AND RELATED CROSS-ACTIONS | |

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

- 1 -

PLTFS / COUNTER-DEFENDANTS' JOINT MOTION
TO MODIFY SCHEDULING ORDER

CASE NO.: 2:21-CV-194-FLA (MAAX)

**TO THE COURT, DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on April 30, 2021 at 1:30 p.m., or as soon thereafter as the matter may be heard before United States District Judge Fernando L. Aenlle-Rocha in Courtroom 6B of the First Street Courthouse, United States District Court for the Central District of California (Western Division – Los Angeles), 350 W. 1st Street, 6th Floor, Los Angeles, California 90012, Plaintiffs / Counter-Defendants RG Abrams Insurance and Robin Goltsman (collectively, "Plaintiffs") will and hereby do move the Court for an Order modifying the Scheduling Order (Dkt. 50, 77) and extend all litigation deadlines six months.

This Motion is based on this Notice of Motion and Motion; the attached Memorandum; the accompanying Declarations of Michael A. Slater and Drew M. Tate; the [Proposed] Order; all orders, pleadings, and papers on file in this action; on all matters of which the Court may take judicial notice; and such further evidence and argument that may be presented at or prior to the hearing on this Motion.

This Motion is made following the conferences of counsel pursuant to Civil Local Rule 7-3 which took place on February 11, 2021 (email); February 12, 2021 (telephonic); February 16, 2021 (email); February 18, 2021 (email); February 19, 2021 (email); February 22, 2021 (email); and February 23, 2021 (email).

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 2 -
PLTFS / COUNTER-DEFENDANTS' JOINT MOTION
TO MODIFY SCHEDULING ORDER                    CASE NO.: 2:21-CV-194-FLA (MAAx)

1

Dated:        March 5, 2021

**BURKE, WILLIAMS & SORENSEN, LLP**

2

3

4

By: */s/ Michael A. Slater*

Michael A. Slater
Patricia L. Peden

5

6

Attorneys for Plaintiffs and Counter-Defendants, *RG ABRAMS INSURANCE and ROBIN GOLTSMAN*

7

8

**FISHER & PHILLIPS LLP**

9

10

By: */s/ Alden J. Parker*

Alden J. Parker
Drew M. Tate

11

12

Attorneys for Plaintiffs and Counter-Defendants, *RG ABRAMS INSURANCE and ROBIN GOLTSMAN*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

- 3 -

PLTFS / COUNTER-DEFENDANTS' JOINT MOTION
TO MODIFY SCHEDULING ORDER

CASE NO.: 2:21-CV-194-FLA (MAAx)

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................... 1

II.    STATEMENT OF FACTS ........................................................................ 2

    A.    Previous Stipulation to Vacate Litigation Deadlines ........................... 2

    B.    Meet and Confer Efforts .................................................................... 2

III.    LEGAL ARGUMENT .............................................................................. 3

    A.    Legal Standard .................................................................................. 3

    B.    There is Good Cause To Modify The Scheduling Order ...................... 4

        1.    Recently Retained Co-Counsel for Plaintiffs Will Need Additional Time Beyond the Current May 3, 2021, Discovery Cutoff to Conduct Discovery ................................... 4

        2.    Insurance Coverage Issues Remain Unresolved .......................... 5

        3.    Plaintiffs Have Diligently Pursued Discovery ........................... 6

        4.    Completion of Discovery and Resolution of Insurance Coverage Issues ........................................................................ 8

        5.    A Six-Month Extension of Litigation Deadlines Will Prejudice Plaintiffs; It Will Not Prejudice Defendants ............. 8

    C.    Request for Attorney's Fees ............................................................... 9

        1.    Legal Standard ........................................................................ 9

        2.    Defense Counsel and Defendants Have Acted With Subjective Bad Faith ............................................................. 9

IV.    CONCLUSION ...................................................................................... 12

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- i -

PLTFS / COUNTER-DEFENDANTS' JOINT MOTION        CASE NO.: 2:21-CV-194-FLA (MAAX)
TO MODIFY SCHEDULING ORDER

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*B.K.B. v. Maui Police Dep't,*
276 F.3d 1091 (9th Cir. 2002), (Feb. 20, 2002) ...................................... 9

*Coleman v. Quaker Oats Co.,*
232 F.3d 1271 (9th Cir. 2000) ........................................................... 3, 4

*F.D. Rich Co., Inc. v. U.S. for Use of Indus. Lumber Co., Inc.,*
417 U.S. 116 (1974) ........................................................................ 12

*Fink v. Gomez,*
239 F.3d 989 (9th Cir. 2001) ............................................................. 12

*Johnson v. Mammoth Recreations, Inc.,*
975 F.2d 604 (9th Cir. 1992) ............................................................... 4

*United States, ex rel., Schumer v. Hughes Aircraft Co.,*
63 F.3d 1512 (9th Cir. 1995) ............................................................... 4

**Federal Statutes**

28 U.S.C., § 1927 ............................................................................... 9

**Other Authorities**

Rule 16 ............................................................................................. 4

Rule 26 ............................................................................................. 8

Rule 34(b) ........................................................................................ 6

Rule 37(a)(1) .................................................................................... 7

Rule 37-1 ......................................................................................... 7

Rule 4(d) ......................................................................................... 10

Burke, Williams & Sorensen, LLP
Attorneys At Law
Oakland

- ii -

PLTFS / COUNTER-DEFENDANTS' JOINT MOTION
TO MODIFY SCHEDULING ORDER

CASE NO.: 2:21-CV-194-FLA (MAAX)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs / Counter-Defendants RG Abrams Insurance and Robin Goltsman (collectively, "Plaintiffs") respectfully request that the Court modify the Scheduling Order (Dkt. 50, 77) and extend all litigation deadlines six months. There is good cause to modify the Scheduling Order and extend all litigation deadlines six months for the following reasons:

*First*, on October 14, 2020, Plaintiff Goltsman tendered her defense of Defendants' counterclaims to her insurer (Farmers), which only recently (January 28, 2021) retained attorneys Alden Parker and Drew Tate of the Fisher Phillips law firm to represent her against Defendants' counterclaims. Dkt 78, 79. Mr. Parker and Mr. Tate will need and respectfully request additional time beyond the current May 3, 2021, discovery cutoff to conduct their own fact investigation and discovery.

*Second*, Certain Underwriters at Lloyd's, Syndicates 623 and 2623 ("Beazley")—which manages claims under the Cyber Liability and Data Breach Response Coverage Form (the "Cyber Form") that is part of Plaintiff Goltsman's Farmers insurance policy—is still evaluating coverage under the policy's Cyber Form. (Farmers has picked up Plaintiffs' tender of defense in connection with the non-Cyber-Form portion of the insurance policy.) Plaintiff Goltsman is actively participating in Beazley's fact investigation and coverage determination.

*Third*, as explained in more detail below, Plaintiff has been diligent in trying to meet the litigation deadlines set in the Scheduling Order, including the May 3, 2021, fact discovery cutoff. However, due to numerous time-consuming discovery disputes with Defendants—which twice resulted in court-convened discovery conferences with Magistrate Judge Robert Illman (Dkt. 55, 58, 59, 61, 66, 70)— Plaintiffs need additional time beyond the May 3, 2021, discovery cutoff to complete written, oral and non-party discovery.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

- 1 -

PLTFS / COUNTER-DEFENDANTS' JOINT MOTION                CASE NO.: 2:21-CV-194-FLA (MAAX)
TO MODIFY SCHEDULING ORDER

1    ***Fourth***, completion of discovery and resolution of insurance coverage issues

2    are conditions precedent to the parties meaningfully engaging in Alternative

3    Dispute Resolution ("ADR"), which may resolve or narrow the parties' claims,

4    obviate the need for more costly litigation, and minimize use of this Court's time

5    and resources. The parties should complete early mediation before taking expensive

6    depositions.

7    ***Finally***, there is no prejudice to Defendants if an extension is granted, nor

8    have Defendants articulated any prejudice during meet and confer efforts. The

9    extension applies equally to both parties, Defendants have just begun to serve

10    discovery, and only one deposition has been taken.

11    **II.    STATEMENT OF FACTS**

12    **A.    Previous Stipulation to Vacate Litigation Deadlines**

13    On September 22, 2020, the Northern District Court issued a Scheduling

14    Order with the following litigation deadlines: Amended Pleadings: 5/3/2021; Close

15    of Expert Discovery: 9/1/2021; Close of Fact Discovery: 5/3/2021; Designation of

16    Experts: 8/2/2021; Dispositive Motion: 10/8/2021; Pretrial Order: 1/21/2022;

17    Pretrial Conference: 1/28/2022; Rebuttal Reports: 8/2/2021; Jury Selection:

18    2/22/2022 - 3/3/2022. On January 12, 2021, the Northern District Court transferred

19    this matter to the Central District Court. Dkt. 72. On February 5, 2021, the parties

20    filed a joint stipulation to vacate litigation deadlines and request that this Court set a

21    scheduling conference. Dkt. 76. On February 10, 2021, this Court denied the parties

22    stipulation because the "parties do not offer any explanation for their request to

23    vacate the deadlines in this action[]" and, on its own motion, continued the final

24    pretrial conference from January 28, 2022 to February 4, 2022. Dkt. 77.

25    **B.    Meet and Confer Efforts**

26    As explained in more detail below, undersigned counsel for Plaintiffs,

27    Michael Slater, met and conferred with counsel for Defendants, Tim Donahue, both

28    telephonically and in writing to attempt to arrive at a mutually-agreeable

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Oakland

- 2 -

PLTFS / COUNTER-DEFENDANTS' JOINT MOTION          CASE NO.: 2:21-CV-194-FLA (MAAX)
TO MODIFY SCHEDULING ORDER

1    modification of the Scheduling Orders. Mr. Donahue largely ignored or deflected

2    from the good-cause bases articulated by Mr. Slater, while obfuscating the issues

3    with inaccuracies and irrelevant counter arguments. Drew M. Tate, counsel for

4    Counter-Defendants also met and conferred with Mr. Donahue in writing on

5    modifying the Scheduling Order. This is not the first time Mr. Donahue has acted in

6    bad faith in this matter. On December 21, 2020, the Northern District Court

7    awarded Plaintiffs their attorney's fees in connection with their successful motion

8    to extend the now-vacated mediation deadline due to Mr. Donahue's

9    "unreasonabl[e]" opposition. Dkt. 69, 2:15-16. One week later, in connection with

10    Plaintiffs' discovery motion, the Northern District Court noted Mr. Donahue's

11    "deflection and obfuscation," "intention to obstruct discovery," "refusal to

12    participate in [] discovery," and "deviation from the standards of

13    professionalism…." Dkt. 70, pp. 7:1-3; 9:21-24; 12:18-20; 16:22. Meanwhile, Mr.

14    Donahue and Defendants are currently in contempt of two Northern District Court

15    orders ordering payment of Plaintiffs' attorneys' fees. *See* Dkt. 82.

16      On February 10, 2021, this Court denied the parties stipulation to vacate all

17    litigation deadlines (Dkt. 76), at least in part on the grounds that the "parties [did]

18    not offer any explanation for their request to vacate the deadlines in this action[.]"

19    Dkt. 77. Mr. Slater and Mr. Tate sought to avoid the filing of this Motion by

20    meeting and conferring with Mr. Donahue to articulate bases for the parties' request

21    (which Defendants had stipulated to just weeks earlier). Mr. Donahue's failure to

22    meaningfully meet and confer, however, has necessitated the preparation and filing

23    of this Motion. As such, Plaintiffs / Counter-Defendants respectfully request that

24    they be awarded their attorneys' fees they incurred in connection with this Motion.

25 **III.**    **LEGAL ARGUMENT**

26      **A.**    **Legal Standard**

27      Federal Rule of Civil Procedure ("Rule") 16 provides that a party seeking to

28    modify a court's scheduling order must show "good cause" for doing so. *Coleman*

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 3 -

PLTFS / COUNTER-DEFENDANTS' JOINT MOTION      CASE NO.: 2:21-CV-194-FLA (MAAX)
TO MODIFY SCHEDULING ORDER

*v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). The Rule 16 "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Coleman*, 232 F.3d at 1294. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

While the focus of the "good cause" inquiry is on the diligence of the party seeking the modification of the scheduling order, other considerations can include (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that discovery will lead to relevant evidence. *United States, ex rel., Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), cert. granted in part, 519 U.S. 926, vacated on other grounds, 520 U.S. 939 (1997) (citing *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)).

### B. <u>There is Good Cause To Modify The Scheduling Order</u>

There is good cause to modify the Scheduling Order and extend litigation deadlines six months.

### 1. Recently Retained Co-Counsel for Plaintiffs Will Need Additional Time Beyond the Current May 3, 2021, Discovery Cutoff to Conduct Discovery

*First*, attorneys Mr. Parker and Mr. Tate of the Fisher Phillips law firm were only recently retained by Farmers on January 28, 2021 and associated into this case on February 16, 2021 to defend Plaintiffs against Defendants' counterclaims. *See* Declaration of Drew M. Tate ("Tate Decl.") at ¶ 2. As such, Mr. Parker and Mr.

Tate will need and respectfully request additional time beyond the current May 3, 2021, discovery cutoff to conduct their own fact investigation and discovery. *See Id.* at ¶¶ 4-7. In that regard, Mr. Parker and Mr. Tate intend to get up to speed on the litigation and discovery that has been conducted to date. *Id.* at ¶ 4. Mr. Parker and Mr. Tate also intend to serve Interrogatories, Requests for Production of Documents, and Requests for Admission on behalf of Robin Goltsman upon each Defendant regarding their specific claims for relief, allegations, and damages. *Id.* at ¶ 5. Further, Mr. Parker and Mr. Tate intend to serve subpoenas commanding the production of medical records upon any health care provider identified in Defendants' written discovery responses to investigate their claimed injuries, damages, and emotional distress, and to discover whether Defendants have incurred any actual expenses in treating their claimed injuries and emotional distress. *Id.* at ¶ 6. Finally, Mr. Parker and Mr. Tate intend to serve notices of deposition upon all Defendants to cross-examine them on their claims for relief, allegations, and damages, including any questioning regarding Defendants' responses to their Interrogatories, Requests for Production of Documents, and Requests for Admission, and any responsive documents to subpoenas served upon Defendants health care providers. *Id.* at ¶ 7. Based on the foregoing, the current discovery cut-off of May 3, 2021 leaves little room, if any, to conduct the aforementioned discovery, any related meet and confer efforts regarding Plaintiffs' intended discovery, and for Plaintiffs to seek the Court's intervention regarding any motion to compel or enforce their intended discovery.

## 2. Insurance Coverage Issues Remain Unresolved

*Second*, Beazley is still evaluating coverage under the Cyber Form portion of Plaintiffs' Farmers insurance policy. (Farmers has picked up Plaintiffs' tender of defense in connection with the non-Cyber-Form portion of the insurance policy.) Plaintiff Goltsman is actively participating in Beazley's fact investigation and coverage determination. *See* Declaration of Robin Goltsman at ¶ 2. Plaintiff

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 5 -

PLTFS / COUNTER-DEFENDANTS' JOINT MOTION          CASE NO.: 2:21-CV-194-FLA (MAAX)
TO MODIFY SCHEDULING ORDER

Goltsman has been in regular contact with Beazley since January 22, 2021, when Beazley first contacted Plaintiff Goltsman via email. *Id.* at ¶ 3. On February 26, 2021, Plaintiff Goltsman was interviewed by Beazley investigators. Plaintiff Goltsman provided the Beazley investigators with truthful and complete information to facilitate Beazley's determination of insurance coverage under her policy's Cyber Form. *Id.* at ¶ 4. To date, Beazley has not made its insurance coverage determination. *Id.* at ¶ 5.

### 3. Plaintiffs Have Diligently Pursued Discovery

*Third*, Plaintiffs have diligently pursued discovery to support their claims and defend against Defendants' counterclaims. On September 4, 2020, Plaintiff Goltsman served all Defendants a separate set of requests for production of documents ("RFPs Set 1")—totaling approximately 250 requests. *See* Declaration of Michael Slater ("Slater Decl.") at ¶ 2. In their original responses, Defendants did not serve even a single document in response to Plaintiff Goltsman's RFPs Set 1, in violation of Rule 34(b). *Id.* Instead, Defendants served boilerplate objections. *Id.* Defendants' discovery conduct necessitated a protracted meet and confer process that lasted several months which ultimately resulted in court-convened discovery dispute resolution with Magistrate Judge Robert Illman. Dkt. 55, 58, 59, 61, 66, 70. The parties' discovery disputes regarding Defendants' responses to RFPs Set 1 was resolved by Judge Illman on December 28, 2020. *Id.*; Dkt. 70. On January 20, 2021, Defendant Christopher Abrams served supplemental responses to RFPs Set 1. Slater Decl. at ¶ 2.

On November 5, 2020, Plaintiff Goltsman served Defendants each with a set of interrogatories, sets one ("ROGs Set 1"), aimed primarily at discovering the identities and locations of the computers at issue in Plaintiffs' claims, as well discovering the identities of Defendants' insurance policies (which, to date, have not been disclosed). Slater Decl. at ¶ 3. Nearly two months later, on January 4, 2021, Defendants served tardy responses to ROGs Set 1. Defendants' responses to

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 6 -

PLTFS / COUNTER-DEFENDANTS' JOINT MOTION
TO MODIFY SCHEDULING ORDER

CASE NO.: 2:21-CV-194-FLA (MAAX)

ROGs Set 1 consisted primarily of boilerplate objections. *Id*. To the extent Defendants' substantively response to ROGs Set 1, Defendants' responses consisted of "equivocation or obfuscation," which Judge Robert Illman specifically instructed Defendants not to do specifically in connection with the identities of the computers at issue in this lawsuit. *Id*.; Dkt. 70, 16:8-15.

In accordance with Rule 37(a)(1) and Central District of CA Local Rule 37-1, on February 22, 2021, Mr. Slater sent Mr. Donahue a detailed meet and confer letter to attempt to resolve the deficiencies in Defendants' responses to ROGs Set 1 without court-convened discovery dispute resolution. Slater Decl. at ¶ 4. Mr. Slater requested that Mr. Donahue provide his availability for a telephonic meet and confer before March 4, 2021, in accordance with L.R. 37-1. *Id*. On February 27, 2021, Mr. Slater also sent Mr. Donahue a meet and confer letter regarding Defendant Cynthia Wooten's responses to RFP No. 17.  Slater Decl. at ¶ 5. On March 5, 2021, Mr. Slater and Mr. Donahue telephonically met and conferred regarding Mr. Slater's February 22 and February 27, 2021, letters. *Id.* Mr. Donahue was unprepared to discuss the substance of Mr. Slater's letters; instead, agreeing to "look into" each and every issue raised in Mr. Slater's letters within one week. *Id.* Mr. Donahue's lack of readiness to productively participate in the telephonic meet and confer amounts to yet another delay in Plaintiffs' ability to obtain discovery. *Id.*

On March 2, 2021, Plaintiff Goltsman served Defendants each with a second set of requests for production of documents ("RFPs Set 2"). Slater Decl. at ¶ 6. RFPs Set 2 were prepared using the United States District Court for the Northern District of California's December 28, 2020, Order (regarding the parties' discovery disputes in connection with RFPs Set 1—Dkt. 70) as a guide. *Id.* In accordance with the Court's December 28, 2020, Order, RFPs Set 2 narrowed in scope numerous requests for production previously held to be overbroad and outside the scope of permissible discovery. *Id.*

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 7 -

PLTFS / COUNTER-DEFENDANTS' JOINT MOTION
TO MODIFY SCHEDULING ORDER

CASE NO.: 2:21-CV-194-FLA (MAAX)

### 4.    Completion of Discovery and Resolution of Insurance Coverage Issues

*Fourth*, completion of discovery and resolution of insurance coverage issues are conditions precedent to the parties meaningfully engaging in ADR, which may resolve or narrow the parties' claims, obviate the need for more costly litigation, and minimize use of this Court's time and resources.

### 5.    A Six-Month Extension of Litigation Deadlines Will Prejudice Plaintiffs; It Will Not Prejudice Defendants

*Finally*, while a six-month extension of litigation deadlines will prejudice Plaintiff, it will not prejudice Defendants. As explained above, Plaintiffs have been diligent in their efforts to obtain discovery to support their claims and defend against Defendants' counterclaims. However, due to numerous time-consuming discovery disputes with Defendants—which twice resulted in court-convened discovery conferences with Magistrate Judge Robert Illman (Dkt. 55, 58, 59, 61, 66, 70)—Plaintiffs need additional time beyond the May 3, 2021, discovery cutoff to complete written, oral and non-party discovery. The need for court intervention compounded the delay that began with Defendants' refusal to provide discovery while their motion to dismiss and transfer was under submission. Defendants continue to refuse to provide full Rule 26 disclosures or to meaningfully respond to discovery. Plaintiffs will likely have to raise these issues with the Court before they can obtain the discovery to which they are entitled.

Defendants will not be prejudiced by a six-month extension of litigation deadlines. Nor did Mr. Donahue indicate during the parties' recent meet and confer efforts that Defendants would be prejudiced by a six-month extension. *See* Section III.C.ii., *supra*; see also 2/11/21 through 2/23/21 Meet and Confer Correspondence, attached as **Exhibit A**. The proposed extension will apply equally to all parties, Defendants have just begun to serve discovery, and only one deposition has been taken.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 8 -

PLTFS / COUNTER-DEFENDANTS' JOINT MOTION
TO MODIFY SCHEDULING ORDER

CASE NO.: 2:21-CV-194-FLA (MAAX)

1

**C.**    <u>**Request for Attorney's Fees**</u>

2

   **1.**    **Legal Standard**

3

  "Any attorney or other person admitted to conduct cases in any court of the

4

United States or any Territory thereof who so multiplies the proceedings in any case

5

unreasonably and vexatiously may be required by the court to satisfy personally the

6

excess costs, expenses, and attorneys' fees reasonably incurred because of such

7

conduct." 28 U.S.C., § 1927. The imposition of sanctions under section 1927

8

requires "'a finding of subjective bad faith,' which 'is present when an attorney

9

knowingly or recklessly raises a frivolous argument, or argues a meritorious claim

10

for the purpose of harassing an opponent.'" *B.K.B. v. Maui Police Dep't*, 276 F.3d

11

1091, 1107 (9th Cir. 2002), *as amended* (Feb. 20, 2002) (quoting *In re Keegan*

12

*Mgmt. Co., Sec. Lit.,* 78 F.3d 431, 436 (9th Cir. 1996)) (emphasis omitted).

13

   **2.**    **Defense Counsel and Defendants Have Acted With**

14

     **Subjective Bad Faith**

15

  Defendants refusal to stipulate to Plaintiffs' proposed extension is

16

unreasonable and amounts to subjective bad faith. On February 11, 2021,

17

undersigned counsel for Plaintiffs, Michael Slater, sent defense counsel, Mr.

18

Donahue, a meet and confer email articulating three bases for extending the

19

litigation deadlines six months. Slater Decl. at ¶¶ 7, 13; **Exhibit A**.

20

  On February 12, 2021, Mr. Slater called Mr. Donahue at Mr. Donahue's

21

office. Slater Decl. at ¶ 8. During Mr. Slater and Mr. Donahue's February 12, 2021,

22

telephonic meet and confer, Mr. Donahue indicated he was amenable in principle to

23

a six-month extension of all litigation deadlines, pending client approval. *Id.* Mr.

24

Donahue recommended that the parties substantiate the stipulation for a six-month

25

extension with more specific details regarding the status of Farmers' insurance

26

coverage investigation and determination. *Id.* Mr. Donahue also indicated he would

27

discuss with his clients the two Northern District Court orders ordering payment of

28

Plaintiffs' attorneys fees in connection with Plaintiffs' successful motion to amend

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 9 -

PLTFS / COUNTER-DEFENDANTS' JOINT MOTION
TO MODIFY SCHEDULING ORDER

CASE NO.: 2:21-CV-194-FLA (MAAX)

the now-vacated mediation deadlines ($1,400.00) (Dkt. 69) and Rule 4(d) motion for service costs ($7,645.10) (Dkt. 71).

Also on February 12, 2021, in accordance with this Court's Notice To Parties Of Court−Directed ADR Program (Dkt. 75), Mr. Slater sent Mr. Donahue a meet and confer email identifying Plaintiffs' ADR preferences—(1) settlement conference with a Magistrate Judge, (2) the Court's Mediation Panel, and (3) private mediation—and requested that Defendants identify their ADR preferences so that the parties' ADR preferences could be included in the contemplated stipulation extending litigation deadlines six months. Slater Decl. at ¶ 9; ; **Exhibit A**. In response, Mr. Donahue indicated: "if Farmers makes their decision in 3 weeks; wouldn't it be better to base our stipulation off of that?" *Id.* (Mr. Donahue did not indicate Defendants' ADR preference.)  In response, Mr. Slater indicated that it did not make sense to wait to stipulate until after Farmers made their coverage decision because the timeline for Farmers' coverage decision was unknown. *Id.*

On February 16, 2021, Mr. Slater sent Mr. Donahue a follow-up meet and confer email regarding the parties' contemplated stipulation extending litigation deadlines six months, Defendants' ADR preferences, and the unpaid attorneys' fees. Slater Decl. at ¶ 10; **Exhibit A**. In response, Mr. Donahue indicated that Defendants "are not interested in any further delays." *Id.* Also on February 16, 2021, attorneys Mr. Parker and Mr. Tate of the Fisher Phillips law firm appeared as co-counsel for Plaintiffs (in defense of Defendants' counterclaims). *Id.* In light of their appearances, on February 18, 2021, Mr. Slater emailed Mr. Donahue to articulate <u>additional bases</u> for the parties' contemplated stipulation: including that Mr. Parker and Mr. Tate will need time to conduct their own discovery; that the "Cyber Form" portion of Plaintiff Goltsman's Farmers insurance policy was still being evaluated for coverage; and that resolution of insurance coverage issues is a condition precedent to meaningfully engaging in ADR.  *Id.*

1     On February 19, 2021, Mr. Donahue identified twelve bases (not previously
2     identified) for why Defendants would not agree to stipulate to extend litigation
3     deadlines. Slater Decl. at ¶ 11; **Exhibit A**.  Many of these bases were frivolous and
4     either inaccurate, irrelevant and/or not tethered to procedural posture of the case,
5     including: that the parties have "already had a lot of discovery"; that the parties
6     "still have a lot more time"; that Plaintiffs had not "provided any names- to act as
7     mediator"; and that the Court already rejected the parties' previous stipulation. *Id.*

8     On February 22, 2021, Mr. Slater responded to each of Mr. Donahue's
9     twelve reasons for Defendants' refusal to stipulate to extend litigation deadlines,
10     including: that Plaintiffs have been unable to obtain meaningful discovery due to
11     Defendants' obstreperous discovery conduct; that Plaintiffs need not select a private
12     mediator at this stage, because (as explained in Mr. Slater's February 12, 2021
13     email) private mediation is not Plaintiffs' ADR preference; and that, while the
14     Court previously rejected the parties stipulation to vacate litigation deadlines, the
15     Court's rejection was due, at least in part, to insufficient reasoning. Slater Decl. at ¶
16     12; **Exhibit A**. On February 23, 2021, Mr. Donahue responded to Mr. Slater's
17     February 22, 2021, email with reasoning that was, like his February 19, 2021,
18     email, frivolous, inaccurate, irrelevant and/or not tethered to procedural posture of
19     this case. *Id.*

20     On February 23, 2021, Mr. Tate sent Mr. Donahue a meet and confer email
21     regarding Mr. Parker and Mr. Tate's agreement with Mr. Slater to continue all
22     litigation deadlines six (6) months to allow the Parties' to continue and complete
23     discovery efforts. Tate Decl., ¶ 8, **Exhibit A**. Specifically, Mr. Tate stated that his
24     office, on behalf of Counter-Defendants, would serve written discovery requests
25     and notices of deposition in earnest. *Id*. However, in light of the current discovery
26     cut-off date of May 3, 2021, that would leave Mr. Tate's office only two (2) months
27     to complete Counter-Defendants' intended discovery and any related meet and
28     confer efforts, and as well as to seek the Court's intervention for deficient

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 11 -

PLTFS / COUNTER-DEFENDANTS' JOINT MOTION
TO MODIFY SCHEDULING ORDER

CASE NO.: 2:21-CV-194-FLA (MAAX)

1  responses. *Id*. Accordingly, Mr. Tate requested that Mr. Donahue reconsider
2  Defendants/Counter-Claimants' position and stipulate to a continuance of the
3  current litigation schedule so that discovery can be completed in a coordinated,
4  efficient fashion. *Id*.

5      The artificial impediments created by defense counsel in connection with this
6  Motion is consistent with his conduct throughout this litigation, amounts to bad
7  faith, and reflects an obdurate determination to increase Plaintiffs' litigation costs
8  while simultaneously impeding Plaintiffs' ability to engage in settlement
9  discussions, prosecute their claims and defend against Defendants' counterclaims.
10  This conduct warrants the award of the attorneys' fees incurred by Plaintiffs in
11  connection with the preparation of this Motion. *Fink v. Gomez*, 239 F.3d 989, 992
12  (9th Cir. 2001) [A district court has "inherent authority to impose sanctions for bad
13  faith, which includes a broad range of willful improper conduct."]; *F.D. Rich Co.,*
14  *Inc. v. U.S. for Use of Indus. Lumber Co., Inc.*, 417 U.S. 116, 129 (1974).

15      Accordingly, Plaintiffs respectfully request attorneys' fees they incurred in
16  connection with preparing this Motion in the amount of $4,235.00. Slater Decl. ¶¶
17  14-15; Tate Decl. ¶¶ 9-10.

18  **IV.    CONCLUSION**

19      Plaintiffs / Counter-Defendants respectfully request an order from this Court
20  modifying the scheduling order.

21
22
23
24
25
26
27
28

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 12 -

PLTFS / COUNTER-DEFENDANTS' JOINT MOTION
TO MODIFY SCHEDULING ORDER

CASE NO.: 2:21-CV-194-FLA (MAAX)

1    Dated:      March 5, 2021          **BURKE, WILLIAMS & SORENSEN, LLP**

2

3

4    By: */s/ Michael A. Slater*
        Michael A. Slater
5        Patricia L. Peden

6    Attorneys for Plaintiffs and Counter-Defendants, *RG ABRAMS INSURANCE and ROBIN GOLTSMAN*

7

8    **FISHER & PHILLIPS LLP**

9    By: */s/ Alden J. Parker*
        Alden J. Parker
10        Drew M. Tate

11    Attorneys for Plaintiffs and Counter-Defendants, *RG ABRAMS INSURANCE and ROBIN GOLTSMAN*

12

13

14

15

16

17    <u>**ATTESTATION OF CONCURRENCE IN FILING**</u>

18        I, Michael Slater, am the ECF user whose ID and password are being used to

19    file the foregoing Notice of Motion and Joint Motion to Modify Scheduling Order;

20    Memorandum of Points and Authorities; [Proposed] order.  Pursuant to Central

21    District Local Civil Rule 5-4.3.4(a)(2), I hereby attest that all signatories listed

22    above, and on whose behalf this filing is submitted, concur in the filings content

23    and have authorized the filing.

24

25    Dated: March 5, 2021                  */s/ Michael A. Slater*
                                                Michael A. Slater
26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 13 -

PLTFS / COUNTER-DEFENDANTS' JOINT MOTION          CASE NO.: 2:21-CV-194-FLA (MAAX)
TO MODIFY SCHEDULING ORDER