Patricia L. Peden (SBN 206440)
E-mail: ppeden@bwslaw.com
Michael A. Slater (SBN 318899)
E-mail: mslater@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, CA 94612-3501
Tel: 510.273.8780
Fax: 510.839.9104

Attorneys for Plaintiffs/Counter-Defendants
*RG ABRAMS INSURANCE and ROBIN GOLTSMAN*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RG ABRAMS INSURANCE, and ROBIN GOLTSMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> THE LAW OFFICES OF C.R. ABRAMS, et al. <br><br> Defendants. <br><br> AND RELATED CROSS-ACTIONS | CASE NO.: 2:21-CV-194-FLA (MAAx) <br><br> **DECLARATION OF MICHAEL A. SLATER IN SUPPOR OF PLAINTIFFS' / COUNTER-DEFENDANTS' JOINT MOTION TO MODIFY SCHEDULING ORDER** |

I, Michael A. Slater, declare and state as follows:

1. I am an attorney duly licensed to practice before this Court and the courts of the State of California and am an associate attorney at the law firm of Burke, Williams & Sorensen, LLP. I represent Plaintiffs / Counter-Defendants RG Abrams Insurance and Robin Goltsman (collectively, "Plaintiffs") in the above-captioned matter. I have personal knowledge of the facts stated and documents

identified within this declaration and, if so called, could and would testify competently thereto.

2. On September 4, 2020, on behalf of Plaintiff Goltsman, my office served all Defendants a separate set of requests for production of documents ("RFPs Set 1")—totaling approximately 250 requests. In their original responses, Defendants did not serve even a single document in response to Plaintiff Goltsman's RFPs Set 1, in violation of Rule 34(b). Instead, Defendants served boilerplate objections. Defendants' discovery conduct necessitated a protracted meet and confer process that lasted several months which ultimately resulted in court-convened discovery dispute resolution with Magistrate Judge Robert Illman. Dkt. 55, 58, 59, 61, 66, 70. The parties' discovery disputes regarding Defendants' responses to RFPs Set 1 was resolved by Judge Illman on December 28, 2020. Dkt. 70. On January 20, 2021, Defendant Christopher Abrams served supplemental responses to RFPs Set 1.

3. On November 5, 2020, on behalf of Plaintiff Goltsman, my office served Defendants each with a set of interrogatories, sets one ("ROGs Set 1"), aimed primarily at discovering the identities and locations of the computers at issue in Plaintiffs' claims, as well discovering the identities of Defendants' insurance policies (which, to date, have not been disclosed). Nearly two months later, on January 4, 2021, Defendants served tardy responses to ROGs Set 1. Defendants' responses to ROGs Set 1 consisted primarily of boilerplate objections. To the extent Defendants' substantively response to ROGs Set 1, Defendants' responses consisted of "equivocation or obfuscation," which Judge Robert Illman specifically instructed Defendants not to do specifically in connection with the identities of the computers at issue in this lawsuit. Dkt. 70, 16:8-15.

4. In accordance with Rule 37(a)(1) and Central District of CA Local Rule 37-1, on February 22, 2022, I sent defense counsel, Tim Donahue, a detailed meet and confer letter to attempt to resolve the deficiencies in Defendants'

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 2 -

DECL OF MICHAEL A. SLATER ISO
JOINT MOTION TO MODIFY SCHEDULING ORDER

CASE NO.: 2:21-CV-194-FLA (MAAX)

responses to ROGs Set 1 without court-convened discovery dispute resolution.

5. On February 27, 2021, I also sent Mr. Donahue a meet and confer letter regarding Defendant Cynthia Wooten's responses to RFP No. 17. On March 5, 2021, I telephonically met and conferred with Mr. Donahue regarding my February 22 and February 27, 2021, letters. Mr. Donahue was unprepared to discuss the substance of Mr. Slater's letters; instead, agreeing to "look into" each and every issue raised in Mr. Slater's letters within one week. Mr. Donahue's lack of readiness to productively participate in our telephonic meet and confer amounts to yet another delay in Plaintiffs' ability to obtain discovery.

6. On March 2, 2021, on behalf of Plaintiff Goltsman, my office served Defendants each with a set of requests for production of documents ("RFPs Set 2"). My office prepared RFPs Set 2 using the United States District Court for the Northern District of California's December 28, 2020, Order (regarding the parties' discovery disputes in connection with RFPs Set 1—Dkt. 70) as a guide. In accordance with the Court's December 28, 2020, Order, my office narrowed the scope of numerous requests for production previously held to be overbroad and outside the scope of permissible discovery.

7. On February 11, 2021, I sent defense counsel, Mr. Donahue, a meet and confer email articulating three bases for extending the litigation deadlines six months.

8. On February 12, 2021, I called Mr. Donahue at Mr. Donahue's office. During my call with Mr. Donahue on February 12, 2021, Mr. Donahue indicated he was amenable in principle to a six-month extension of all litigation deadlines, pending client approval. Mr. Donahue also recommended that the parties substantiate the stipulation for a six-month extension with more specific details regarding the status of Farmers' insurance coverage investigation and determination. Mr. Donahue indicated he would discuss with his clients the two Northern District Court orders ordering payment of Plaintiffs' attorneys fees in

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 3 -

DECL OF MICHAEL A. SLATER ISO
JOINT MOTION TO MODIFY SCHEDULING ORDER

CASE NO.: 2:21-CV-194-FLA (MAAX)

connection with Plaintiffs' successful motion to amend the now-vacated mediation deadlines ($1,400.00) (Dkt. 69) and Rule 4(d) motion for service costs ($7,645.10) (Dkt. 71).

9. Also on February 12, 2021, in accordance with this Court's Notice To Parties Of Court−Directed ADR Program (Dkt. 75), I sent Mr. Donahue a meet and confer email identifying Plaintiffs' ADR preferences—(1) settlement conference with a Magistrate Judge, (2) the Court's Mediation Panel, and (3) private mediation—and requested that Defendants identify their ADR preferences so that the parties' ADR preferences could be included in the contemplated stipulation extending litigation deadlines six months. In a written response, Mr. Donahue indicated: "if Farmers makes their decision in 3 weeks; wouldn't it be better to base our stipulation off of that?" (Mr. Donahue did not indicate Defendants' ADR preference.) In response, I indicated that it did not make sense to wait to stipulate until after Farmers made their coverage decision because the timeline for Farmers' coverage decision was unknown.

10. On February 16, 2021, I sent Mr. Donahue a follow-up meet and confer email regarding the parties' contemplated stipulation extending litigation deadlines six months, Defendants' ADR preferences, and the unpaid attorneys' fees. In response, Mr. Donahue indicated that Defendants "are not interested in any further delays." Also on February 16, 2021, attorneys Mr. Parker and Mr. Tate of the Fisher Phillips law firm appeared as co-counsel for Plaintiffs (in defense of Defendants' counterclaims). In light of their appearances, on February 18, 2021, I emailed Mr. Donahue to articulate <u>additional bases</u> for the parties' contemplated stipulation: including that Mr. Parker and Mr. Tate will need time to conduct their own discovery; that the "Cyber Form" portion of Plaintiff Goltsman's Farmers insurance policy was still being evaluated for coverage; and that resolution of insurance coverage issues is a condition precedent to meaningfully engaging in ADR.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

- 4 -

DECL OF MICHAEL A. SLATER ISO
JOINT MOTION TO MODIFY SCHEDULING ORDER

CASE NO.: 2:21-CV-194-FLA (MAAX)

11. On February 19, 2021, Mr. Donahue identified twelve bases (not previously identified) for why Defendants would not agree to stipulate to extend litigation deadlines. Many of these bases were frivolous and either inaccurate, irrelevant and/or not tethered to procedural posture of the case, including: that the parties have "already had a lot of discovery"; that the parties "still have a lot more time"; that Plaintiffs had not "provided any names- to act as mediator"; and that the Court already rejected the parties' previous stipulation.

12. On February 22, 2021, I responded to each of Mr. Donahue's twelve reasons for Defendants' refusal to stipulate to extend litigation deadlines, including: that Plaintiffs have been unable to obtain meaningful discovery due to Defendants' obstreperous discovery conduct; that Plaintiffs need not select a private mediator at this stage, because (as explained my February 12, 2021 email) private mediation is not Plaintiffs' ADR preference; and that, while the Court previously rejected the parties stipulation to vacate litigation deadlines, the Court's rejection was due, at least in part, to insufficient reasoning. On February 23, 2021, Mr. Donahue responded to my February 22, 2021, email with reasoning that was, like his February 19, 2021, email, frivolous, inaccurate, irrelevant and/or not tethered to procedural posture of this case.

13. A true and correct copy of my February 11, 2021, through February 23, 2021, email meet and confer correspondence with Mr. Donahue is attached hereto as **Exhibit A**.

14. In order to prepare Plaintiffs' Motion, I performed **9.70 hours** of legal work broken down by the following tasks:

A. Review and analyze Rule 16's "good cause" standard for modifying scheduling orders and associated decisional law **(.60)**;

B. Review and analyze discovery propounded and discovery meet and confer efforts **(.50)**;

C. Review and analyze procedural posture and procedural history

Burke, Williams & Sorensen, LLP
Attorneys At Law
Oakland

- 5 -

DECL OF MICHAEL A. SLATER ISO
JOINT MOTION TO MODIFY SCHEDULING ORDER

CASE NO.: 2:21-CV-194-FLA (MAAX)

**(.40)**;

   D. Prepare Memorandum of Points and Authorities in support of Motion to Amend Scheduling Order **(4.50)**;

   E. Prepare Declaration of Michael A. Slater in support of Motion to Amend Scheduling Order **(2.10)**;

   F. Prepare Declaration of Robin Goltsman in support of Motion to Amend Scheduling Order **(.60)**;

   G. Prepare [Proposed] Order granting Motion to Amend Scheduling Order **(.50)**;

   H. Update memorandum and Declaration of Michael A. Slater to incorporate information regarding March 5, 2021, telephonic meet and confer between Mr. Slater and Mr. Donahue **(.50)**.

 15. Accordingly, the attorneys' fees for preparing this Motion thus far total **$3,395.00**, calculated by multiplying my hourly rate ($350.00) by the **9.20 hours** I spent preparing this motion thus far. The $3,395.00 in attorneys' fees incurred by Plaintiffs thus far does not include the attorneys' fees which will be required to prepare a Reply to Defendants' anticipated Opposition, or the attorneys' fees for attending a hearing on this Motion.

 I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

 Executed at Los Angeles, California on March 5, 2021.


         By: */s/ **Michael A. Slater***
            Michael A. Slater, Esq.

Burke, Williams & Sorensen, LLP
Attorneys At Law
Oakland

- 6 -

DECL OF MICHAEL A. SLATER ISO
JOINT MOTION TO MODIFY SCHEDULING ORDER

CASE NO.: 2:21-CV-194-FLA (MAAX)