# EXHIBIT A

| | |
|---|---|
| **From:** | Timothy Donahue |
| **To:** | Tate, Drew |
| **Cc:** | Slater, Michael A.; Peden, Patricia L.; Camille; Lawrence, Adriana L.; Parker, Alden; Rathke, Vicki |
| **Subject:** | Re: ADR / Stipulation / Attorneys Fees // RG Abrams Insurance, et al. v. The Law Office of C.R. Abrams, et al. |
| **Date:** | Tuesday, February 23, 2021 3:40:54 PM |

**[EXTERNAL]**

Yes I am more than happy to give you those deposition dates.

Tim

On Tue, Feb 23, 2021 at 3:30 PM Tate, Drew <dtate@fisherphillips.com> wrote:

> Tim,
>
>
> Please allow this email correspondence to confirm our office's agreement with Mr. Slater to continue all litigation deadlines 6 months to allow the Parties to continue and complete discovery efforts. Our office intends to serve written discovery requests and notices of depositions in earnest. However, as we recently substituted into this case on February 16, 2021, and based upon the current discovery cut-off date of May 3, 2021, that leaves our office only two months to complete our intended discovery, particularly if your office's responses are deficient, require meet and confer efforts, and further require court intervention for amended/supplemental responses. Additionally, depositions must be coordinated on mutually convenient dates for all of the parties and counsel. This short time frame leaves little room, if any, for coordination amongst our offices and the many parties involves in this litigation.
>
>
> Accordingly, our office requests that you reconsider your position and stipulate to a continuance of the current litigation deadlines by six months so that discovery can be completed in a coordinated and efficient fashion.  We are happy to set up a call to meet and confer over the telephone so that we can sort out the issues to avoid having to seek the Court's intervention in modifying the Scheduling Order. However, if you will not agree to a modify the Scheduling Order and continue the litigation deadlines 6 months, we request that you immediately provide us with dates in which your office and your clients are available for depositions.
>
>
> Best regards,
>
>
> Drew
>
>
> **Drew Tate**



**Associate**

Fisher & Phillips LLP
621 Capitol Mall | Suite 1400 | Sacramento, CA 95814
<u>dtate@fisherphillips.com</u> | O: (916) 210-0406 | F: (916) 210-0401

<u>vCard</u> | <u>Bio</u> | <u>Website</u>    *On the Front Lines of Workplace Law℠*

*This message may contain confidential and privileged information. If it has been sent to you in error, please
reply to advise the sender of the error, then immediately delete this message.*

---

**From:** Slater, Michael A. <<u>MSlater@bwslaw.com</u>>
**Sent:** Tuesday, February 23, 2021 2:45 PM
**To:** Timothy Donahue <<u>tdonahue@attorneydonahue.com</u>>
**Cc:** Peden, Patricia L. <<u>PPeden@bwslaw.com</u>>; Camille <<u>camille@attorneydonahue.com</u>>;
Lawrence, Adriana L. <<u>ALawrence@bwslaw.com</u>>; Parker, Alden <<u>aparker@fisherphillips.com</u>>;
Tate, Drew <<u>dtate@fisherphillips.com</u>>
**Subject:** RE: ADR / Stipulation / Attorneys Fees // RG Abrams Insurance, et al. v. The Law Office of
C.R. Abrams, et al.
**Importance:** High


Tim,


This email thread illustrates my office's numerous good faith attempts to meet and confer with
you to obviate the need for the filing of an administrative motion to modify the scheduling order
to extend litigation deadlines 6 months, including on: 2/11 (in writing); 2/12 (in writing and by
phone); 2/16 (in writing); 2/18 (in writing); and 2/22 (in writing). I have clearly articulated my
office's reasoning for the proposed 6-month extension—reasoning that is shared and endorsed
by co-counsel, Mr. Parker and Mr. Tate (copied). Many of your counter arguments (2/19 and 2/23
emails below, in particular), on the other hand, deflect from the issues raised, ignore statements I
have already made, are nonsensical and/or are nonresponsive.  This amounts to bad faith, and I
believe the Central District will see your "meet and confer" efforts the same way the Northern
District did: as "deflection and obfuscation." (Dkt. 70, 16:22.)


The filing of an administrative motion will require my office and co-counsel's office to expend
valuable resources on an issue that should have been resolved through the meet and confer
process.  What is worse, it will require the court to allocate valuable time and resources to
resolving this issue for us—something I have sought to avoid. See *Wong v. Astrue*, 2008 U.S. Dist.
LEXIS 111133, 2008 WL 4167507, at *2 (N.D. Cal. 2008) (cited to in the Northern District's order,

Dkt. 70) ["The purpose of the [meet and confer] requirement is to encourage settlement, resolve disputes which need not involve the Court, and avoid unnecessary litigation, thus saving the Parties', the Court's, and the taxpayers' limited time, money, and resources."]. We will seek all attorneys' fees incurred by Plaintiffs in connection with the administrative motion to extend litigation deadlines 6 months, as we have successfully done in this case already—*twice*. Relatedly, as Ms. Peden indicated to you in an email earlier today (2/23/21), your and Defendants are in violation of two previous orders requiring the payment of Plaintiffs' attorneys fees. If those fees are not received in full by Friday, we will promptly file a motion for contempt.

Ensure co-counsel (copied here) are included on future correspondence.

Michael Slater

**Michael A. Slater | Associate**
1901 Harrison Street, Suite 900 | Oakland, CA  94612-3501
d - 510.903.8822 | t - 510.273.8780 | f - 510.839.9104
mslater@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Timothy Donahue [mailto:tdonahue@attorneydonahue.com]
**Sent:** Tuesday, February 23, 2021 12:20 PM
**To:** Slater, Michael A.; Peden, Patricia L.; Camille
**Subject:** Fwd: ADR / Stipulation / Attorneys Fees // RG Abrams Insurance, et al. v. The Law Office of C.R. Abrams, et al.



[EXTERNAL]

Your proposed stipulation to continue trial was already rejected by the judge. On
top of that there was another order by our judge issued February 18 indicating
that all trial dates are firm.

1. Nothing from Mr. Tate or Mr. Parker. I didn't know it had to be relevant. I didn't
think we were talking about case admissible evidence. I just wanted to be
courteous and thorough and make sure they are involved, and apparently they are
not. I have heard nothing from them. They are not insisting or pushing for any
continuance, and I agree with them because we have plenty of time. The court
has reviewed everything and given us plenty of time.

2. You claim that plaintiffs have not obtained the documents, deposition testimony
and other evidentiary materials. Not true. We have answered multiple sets of
discovery and you you were pressing for mediation on March 3, 2021 and insisting
that it go forward with the mediator Ms Prince. What's changed? We've repeatedly
told you in writing and under oath that there is no available insurance coverage.
We've answered multiple sets of interrogatories and produce documents. We have
agreed to any and all depositions that you wanted. You say that Mr. Parker and
Mr. Tate intend to serve discovery. Assuming that's true, we will deal with it, when
it happens. You also say that IF court convened discovery is required, that would
add more time. Lots of ifs.

3. We have already had a lot of time to do discovery. You say we spent months
last fall and winter and waiting for the court. We didn't spend that much time and
it doesn't matter, the past is the past, and that's done. You speak on behalf of Mr.
Parker and Mr. Tate. I don't know what more discovery they would need, if they
need anything. We've already given you everything

4. We still have a lot more time. The court considered filing date, transfer date,
the pleadings and public policy and has determined firm dates including discovery
cutoff date. Nothing is new, the case is still the same case it was when you were
insisting and demanding that mediation take place on March 3, 2021.

5. You have not specify what discovery is needed or planned. Condition precedent
to obtaining the information needed. What does that mean? Something must have
fallen off of your email, I don't follow.

6. We were ready for mediation before. Not only were we ready, you were
demanding and insisting that we must attend mediation on March 3, 2021. What's
changed? You say ADR is premature, but a month ago you were demanding and
insisting that we all appear for mediation. What insurance coverage issues are you
referring to?

7. We were ready for mediation before, then why not now? You did not respond

8. Why have you not proposed mediation? I guess you are speaking on behalf of
Mr. Parker and Mr. Tate as well? Cross-complainants/defendants are fully willing
and open to considering the option.

9. Farmers insurance would want to participate and contribute to a mediation. I
assume so but I have not heard from Mr. Parker or Mr. Tate. But as you say, that
might not be relevant

10. Court has already considered and rejected your previous stipulation. I don't agree with you that it was based on lack of adequate reasoning. The reasoning is spelled out in the court's order of February 18, 2021. That's the standing order. That's on top of the court's denial of your proposed previous stipulation.

11. I assume that you put everything in the stipulation that you wanted in there and that you needed in there and that you did not leave anything out. There is nothing new. See number 4 above. Defendants are doing everything within their power to comply with the court's order setting trial date, denying your stipulation to continue and the court's standing order that the dates are firm!

12. Our judge already rejected your proposed stipulation to continue trial. And, since that time, and in fact February 18, 2021, there was an additional order from the court. "The court has a strong interest in keeping scheduled dates certain. Changes in dates are disfavored. Trial date set by the court our firm and will rarely be changed." I have heard nothing from Mr. Tate or Mr. Parker on any of these items.

Tim

---------- Forwarded message ---------
From: **Slater, Michael A.** <MSlater@bwslaw.com>
Date: Mon, Feb 22, 2021 at 8:56 PM
Subject: RE: ADR / Stipulation / Attorneys Fees // RG Abrams Insurance, et al. v. The Law Office of C.R. Abrams, et al.
To: Timothy Donahue <tdonahue@attorneydonahue.com>
Cc: Peden, Patricia L. <PPeden@bwslaw.com>, Lawrence, Adriana L. <ALawrence@bwslaw.com>, Tate, Drew <dtate@fisherphillips.com>, Parker, Alden <aparker@fisherphillips.com>, Rathke, Vicki <vrathke@fisherphillips.com>

Tim,

I am writing to respond to your emails points in turn:

1.    **Defendants' position**: I have not heard anything from Mr. Tate or Mr. Parker **Plaintiffs' position**: Mr. Parker and Mr. Tate filed notices of appearance on 2/16/21. I don't see the relevance of you not having "heard" from Mr. Parker and Mr. Tate to the stipulation at issue. Mr. Parker and Mr. Tate are in agreement that the 6-month extension stipulation is necessary for the bases identified in my 2/18/21 email.

**2.   Defendants' position**: We have already had a lot of discovery

**Plaintiffs' position**: Plaintiffs have not obtained the documents, deposition testimony and other evidentiary materials they need to support their claims. Plaintiffs intend to serve amended discovery requests consistent with the Northern District's 12/28/20 order, which identifies areas in which Plaintiffs' original discovery requests can be properly narrowed. Plaintiffs also intend to take Defendants' depositions. Plaintiffs also intend to conduct third-party discovery, including document subpoenas and depositions; however, Defendants' good faith participation in discovery is a condition precedent to my office's ability to obtain the information needed to accomplish this third-party discovery.

Additionally, Mr. Parker and Mr. Tate intend to serve discovery shortly; in the event meeting and conferring regarding Defendants' responses is required, sufficient time must be allotted. If court-convened discovery resolution is required, that adds more time.

**3.   Defendants' position**: We have already had a lot of time to do discovery

**Plaintiffs' position**: We spent months last Fall and Winter meeting and conferring regarding Defendants' discovery responses, and waited even longer for the Court to rule on the discovery disputes. Mr. Parker and Mr. Tate need time to conduct their own discovery.

**4.   Defendants' position**: We still have a lot more time

**Plaintiffs' position**: We do not still "have a lot more time[.]" The discovery cutoff is 5/3/21, which requires all discovery and discovery disputes be resolved by 5/3/21.

**5.   Defendants' position**: You have not specified what discovery is planned or needed

**Plaintiffs' position**: As stated above, Plaintiffs intend to serve amended discovery requests consistent with the Northern District's 12/28/20 order, which identifies areas in which Plaintiffs' original discovery requests can be properly narrowed. Plaintiffs also intend to take Defendants' depositions. Plaintiffs also intend to conduct third-party discovery, including document subpoenas and depositions; however, Defendants' good faith participation in discovery is a condition precedent to my office's ability to obtain the information needed to accomplish this third-party discovery.

**6.   Defendants' position**: Like you say, we were already ready for mediation before

**Plaintiffs' position**: As I previously stated in my 2/16/21 email to you, Plaintiffs' ADR preference is a settlement conference with a magistrate. Plaintiffs' second choice is the Court's ADR Panel. Plaintiffs do not think costly private mediation will be any more effective

than Plaintiffs' first two options. Please advise at to Defendants' preferred ADR preference.
Nonetheless, ADR is premature at the present because, as I explained in my 2/18/21 email to
you, there are outstanding insurance coverage issues that need to be resolved before
Plaintiffs can meaningfully engage in ADR.  Plaintiffs anticipate those insurance coverage
issues will be resolved in March; Plaintiffs are actively participating in their insurers' efforts to
evaluate coverage.

7.   **Defendants' position**: If we were ready then, we are ready now

**Plaintiffs' position**: See my response to number 6.

8.   **Defendants' position**: You haven't provided any names- to act as mediator

**Plaintiffs' position**: That is correct. We have not provided any names to act as mediator
because we have not proposed mediation.

9.   **Defendants' position**: Now that the insurance company/farmers is involved
sure they would want to participate and contribute to the mediation

**Plaintiffs' position**: That is correct. That is precisely why ADR is premature: Plaintiffs' insurers
are still evaluating coverage—e.g., who is going to be at the mediation.

10.  **Defendants' position**: Court has already considered the record and our filing
date and denied a previous stipulation

**Plaintiffs' position**: The Court denied the previous stipulation because we did not provide
adequate reasoning. We may file an amended stipulation with the reasoning (5 points)
identified in my email below.

11.  **Defendants' position**: The court decided on a date which is a long way out
and- looks like a take it or leave it date

**Plaintiffs' position**: I disagree. If there is something specific that gives you the impression the
litigation deadlines are take it or leave it, please advise.

12.  **Defendants' position**: As I say, stipulation to continue was already rejected by
the judge. Seems silly to ask for the same thing again

**Plaintiffs' position**: I disagree. I believe there is ample justification and am confident the court will understand Plaintiffs' very reasonable justification for the request. In the event Defendants decide not to stipulate, I believe the court will see that decision as unreasonable. We intend to seek our attorneys' fees, which we were successful in obtaining the last time Plaintiffs had to unilaterally request a modification of the previous mediation deadline.

Please confirm Defendants will agree to stipulate to extend litigation deadlines 6 months. Alternatively, please let me know (specific date and <u>time</u>) when you are available for a telephonic meet and confer this week.

Michael

Michael A. Slater | Associate
1901 Harrison Street, Suite 900 | Oakland, CA 94612-3501
d - 510.903.8822 | t - 510.273.8780 | f - 510.839.9104
mslater@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Timothy Donahue [mailto:tdonahue@attorneydonahue.com]
**Sent:** Friday, February 19, 2021 12:51 PM
**To:** Slater, Michael A.
**Cc:** Peden, Patricia L.; Lawrence, Adriana L.; Tate, Drew; Parker, Alden; Rathke, Vicki
**Subject:** Re: ADR / Stipulation / Attorneys Fees // RG Abrams Insurance, et al. v. The Law Office of C.R. Abrams, et al.

[EXTERNAL]

I have not heard anything from Mr. Tate or Mr. Parker

We have already had a lot of discovery

We have already had a lot of time to do discovery

We still have a lot more time

You have not specified what discovery is planned or needed

Like you say, we were already ready for mediation before

If we were ready then, we are ready now

You haven't provided any names- to act as mediator

Now that the insurance company/farmers is involved sure they would want to
participate and contribute to the mediation

Court has already considered the record and our filing date and denied a previous
stipulation

The court decided on a date which is a long way out and- looks like a take it or
leave it date

As I say, stipulation to continue was already rejected by the judge. Seems silly to
ask for the same thing again

Tim


On Thu, Feb 18, 2021 at 5:47 PM Slater, Michael A. <MSlater@bwslaw.com>
wrote:

> Tim,
>
>
> I am writing regarding Plaintiffs' request that Defendants stipulate to extend all litigation 6
> months for good cause. I previously articulated the following grounds for the proposed 6-
> month extension:
>
>
> 1. The parties have been actively engaged in discovery since 9/3/20—including extensive
>    meet and confer efforts and, twice, court-convened discovery resolution.
>
>
> 2. Plaintiff tendered defense of Defendants' counterclaims to her insurer on 10/14/20;
>    Plaintiff's insurers are still evaluating coverage of the "cyber" portion of her insurance
>    policy; Plaintiff is facilitating and participating in her insurer's coverage investigation.

3. Further completion of discovery and resolution of insurance coverage issues are conditions precedent to the parties meaningfully engaging in ADR; the parties intend to engage in ADR in good faith to resolve or narrow the claims and counterclaims at issue;

On 2/15/21 (below), you communicated Defendants' "disinterest[]" in stipulating to a 6 month extension, based upon the foregoing grounds. In an effort to obviate the need and cost of filing of a Rule 16(b)(4) motion to amend the scheduling order, I am writing to articulate two additional bases for the 6-month extension:

4. Northern District Judge Tigar assigned this matter to the Northern District's ADR Multi-Option Program; pursuant to which mediation was scheduled for 2/3/21. When this matter was transferred to the Central District on 1/8/21, the parties' 2/3/21 mediation was taken off calendar. Plaintiffs were preparing to participate in the 2/3/21 mediation in good faith in an attempt to resolve or narrow the claims and counterclaims at issue. Plaintiffs would like avoid additional costly discovery until the parties have an opportunity to engage in ADR, which the Central District has also ordered, and about which the parties are currently meeting and confer. Dkt. 75. A 6-month extension of all litigation deadlines will enable the parties to engage in ADR, which may obviate the need for additional costly discovery.

5. As you know, Alden Parker and Drew Tate have been retained by Plaintiffs' insurer to represent Plaintiffs in connection with Defendants' counterclaims and, today, filed notices of appearance. (Mr. Parker and Mr. Tate's retention is separate and apart from Plaintiffs' insurer's evaluation of coverage under her policy's cyber endorsement.) Mr. Parker and Mr. Tate are evaluating Defendants' counterclaims, intend to pursue their own discovery, and will need sufficient time to engage in that discovery.  The scheduling order, as presently set, will severely limit Mr. Parker and Mr. Tate's ability to engage in the discovery they need to defend against Defendants' counterclaims.  A 6-month extension of all litigation deadlines will provide sufficient time for Mr. Parker and Mr. Tate to perform discovery.

Based on these two additional bases, I am writing to renew Plaintiffs' request that Defendants stipulate to extend all litigation deadlines 6 months. I believe these bases provide ample good cause under Rule 16(b)(4).  Additionally, the court's rules require the parties to accommodate reasonable scheduling requests.  We have set forth our reasons for seeking a stipulation.  If you do not agree to stipulate, please specify the basis of your objection. Providing your specific objections is required by the court's meet and confer rules, and we must know the basis of your objection to address the reasonableness/or lack thereof if forced to brief the issue to the

court. Please advise. In the event Defendants do not agree to stipulate, please be advised that
we intend to pursue recovery of Plaintiffs' attorneys' fees incurred pursuing the motion (as we
successfully did in connection with a previous motion to extend the mediation deadline).


Michael


**Michael A. Slater | Associate**
1901 Harrison Street, Suite 900 | Oakland, CA  94612-3501
d - 510.903.8822 | t - 510.273.8780 | f - 510.839.9104
mslater@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of
the designated addressee named above. The information transmitted is subject to the attorney-
client privilege and/or represents confidential attorney work product. Recipients should not file
copies of this email with publicly accessible records. If you are not the designated addressee
named above or the authorized agent responsible for delivering it to the designated addressee,
you received this document through inadvertent error and any further review, dissemination,
distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU
RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY
TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.



**From:** Timothy Donahue [mailto:tdonahue@attorneydonahue.com]
**Sent:** Tuesday, February 16, 2021 8:57 AM
**To:** Slater, Michael A.
**Cc:** Peden, Patricia L.; Lawrence, Adriana L.
**Subject:** Re: ADR / Stipulation / Attorneys Fees // RG Abrams Insurance, et al. v. The Law Office
of C.R. Abrams, et al.


[EXTERNAL]

---

23rd- in the PM ? Rule 26

I called you to discuss, yesterday afternoon. You are not in but I left you a
voicemail message on these topics at 3:15 PM

Cross-complainants/defendants are not interested in any further delays. We
agree with the trial date and dates set by the court

Tim

On Tue, Feb 16, 2021 at 8:23 AM Slater, Michael A. <MSlater@bwslaw.com>
wrote:

Tim,

I am also writing to follow up regarding the parties' obligation to select a preferred ADR
method.  We discussed this with Ms. Goltsman over the weekend.  Plaintiffs' preference is a
settlement conference with a magistrate.  Plaintiffs' second choice is the Court's ADR Panel.
Please advise so that that information can be added to our contemplated stipulation.

Also, please let me know if you are available next week for a Rule 26(f) conference.  Although
we already conducted a Rule 26(f) conference last year before our scheduling conference
with the Norther District, the Central District has ordered us to conduct another one.  Next
week I am out of town on a work trip, but I am wide open for a conference call on **2/23, 2/24
or 2/25**.  Please let me know which date you prefer.

Michael

---

**From:** Slater, Michael A.
**Sent:** Tuesday, February 16, 2021 8:04 AM
**To:** 'Timothy Donahue'
**Cc:** Peden, Patricia L.; Lawrence, Adriana L.
**Subject:** RE: Proposed Amended Stipulation & Order // RG Abrams Insurance, et al. v. The Law
Office of C.R. Abrams, et al.

Tim,

I am writing to follow up on the matters we discussed last week: stipulation extending
litigation deadlines 6 months for the bases outlined below, and attorneys fees.  These
matters are time sensitive.  Please advise at your first opportunity.

Michael

**Michael A. Slater | Associate**
1901 Harrison Street, Suite 900 | Oakland, CA  94612-3501
d - 510.903.8822 | t - 510.273.8780 | f - 510.839.9104
mslater@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use
of the designated addressee named above. The information transmitted is subject to the
attorney-client privilege and/or represents confidential attorney work product. Recipients should
not file copies of this email with publicly accessible records. If you are not the designated
addressee named above or the authorized agent responsible for delivering it to the designated
addressee, you received this document through inadvertent error and any further review,
dissemination, distribution or copying of this communication by you or anyone else is strictly
prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US
IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank
you.

---

**From:** Slater, Michael A.
**Sent:** Friday, February 12, 2021 1:34 PM
**To:** 'Timothy Donahue'
**Cc:** Peden, Patricia L.; Lawrence, Adriana L.
**Subject:** RE: Proposed Amended Stipulation & Order // RG Abrams Insurance, et al. v. The Law
Office of C.R. Abrams, et al.

Tim,

I indicated that Robin's insurers are evaluating coverage, that she will likely be interviewed
by her insurers in the coming two weeks, that I cannot say for certain when her insurers will
make a final coverage determination, but that I anticipate it will be in the next month.  Since I
do not know when Robin's insurers will make their final coverage determination, I do not
think it makes good sense for us to wait to stipulate until after that unknown date.

I can be reached at 818.645.4406.

Michael

**From:** Timothy Donahue [mailto:tdonahue@attorneydonahue.com]
**Sent:** Friday, February 12, 2021 12:17 PM
**To:** Slater, Michael A.
**Cc:** Peden, Patricia L.; Lawrence, Adriana L.
**Subject:** Re: Proposed Amended Stipulation & Order // RG Abrams Insurance, et al. v. The Law
Office of C.R. Abrams, et al.

[EXTERNAL]

---

Michael what is the best number to reach you at?

We might need to chat later this afternoon

In the meantime, if Farmers makes their decision in 3 weeks; wouldn't it be
better to base our stipulation off of that?

Tim


On Fri, Feb 12, 2021 at 10:12 AM Slater, Michael A. <MSlater@bwslaw.com>
wrote:

> Tim,
>
>
> Also, as we discussed, the Central District has ordered the parties to meet
> and confer with our clients regarding our preferred ADR method: a
> settlement conference before the magistrate judge assigned to the case, the
> Court Mediation Panel, and private mediation. (More specific information can
> be found on the Court's ADR website:
> http://www.cacd.uscourts.gov/attorneys/adr).  I will endeavor to have this
> conversation re ADR with Ms. Goltsman today, so that we can include that
> information in our contemplated stipulation.  I would appreciate it if you
> could also discuss your clients' preferred ADR so that their preference can
> also be included in the contemplated stipulation.
>
>
> Also, please let me know if you are available next week for a Rule 26(f)
> conference.  Although we already conducted a Rule 26(f) conference last
> year before our scheduling conference with the Norther District, the Central
> District has ordered us to conduct another one.  Next week I am out of town
> on a work trip, but I am wide open for a conference call on **2/23, 2/24 or
> 2/25**.  Please let me know which date you prefer.
>
>
> Michael

**From:** Slater, Michael A.
**Sent:** Friday, February 12, 2021 9:49 AM
**To:** 'Timothy Donahue'
**Cc:** Peden, Patricia L.; Lawrence, Adriana L.
**Subject:** RE: Proposed Amended Stipulation & Order // RG Abrams Insurance, et al. v. The
Law Office of C.R. Abrams, et al.

Tim,

Thanks for taking the time to speak with me on the phone this morning.
With regard to my office's proposed stipulation continuing litigation
deadlines 6 months, you indicated you were amenable at least in principle,
but that you would need to discuss this proposal with your clients first
(aiming for this afternoon).  You also recommended that the parties
substantiate the request with more specific details regarding the status of
Robin's insurers' investigation into coverage.  I will gather those details and
ensure they are included in the stipulation.  You also indicated you would
address the outstanding attorneys' fees issue (in connection with Plaintiffs'
2020 Rule 4(d) motion and administration motion extending the now-
vacated mediation deadline, respectively) with your clients.

We indicated we would endeavor to have answers on these issues and
report back to each other this afternoon. In the meantime, I will prepare a
stipulation consistent with what we discussed.  I will also get more details
regarding status of Robin's insurers evaluation of coverage and add that to
the stip, per your recommendation.

Michael

**Michael A. Slater | Associate**
1901 Harrison Street, Suite 900 | Oakland, CA  94612-3501
d - 510.903.8822 | t - 510.273.8780 | f - 510.839.9104
mslater@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Slater, Michael A.
**Sent:** Friday, February 12, 2021 9:01 AM
**To:** 'Timothy Donahue'
**Cc:** Peden, Patricia L.; Lawrence, Adriana L.
**Subject:** RE: Proposed Amended Stipulation & Order // RG Abrams Insurance, et al. v. The Law Office of C.R. Abrams, et al.

Tim,

I am writing to follow up on my request that Plaintiffs stipulate to extend all litigation deadlines 6 months for the bases specified in my email below. Please confirm that Plaintiffs agree to stipulate based on these bases, at least in principle, so that I prepare a stipulation reflecting those bases.

Michael

**Michael A. Slater | Associate**
1901 Harrison Street, Suite 900 | Oakland, CA  94612-3501
d - 510.903.8822 | t - 510.273.8780 | f - 510.839.9104
mslater@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the

attorney-client privilege and/or represents confidential attorney work product. Recipients
should not file copies of this email with publicly accessible records. If you are not the
designated addressee named above or the authorized agent responsible for delivering it to
the designated addressee, you received this document through inadvertent error and any
further review, dissemination, distribution or copying of this communication by you or anyone
else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT
800.333.4297. Thank you.

**From:** Slater, Michael A.
**Sent:** Thursday, February 11, 2021 8:40 AM
**To:** 'Timothy Donahue'
**Cc:** Peden, Patricia L.; Lawrence, Adriana L.
**Subject:** Proposed Amended Stipulation & Order // RG Abrams Insurance, et al. v. The Law
Office of C.R. Abrams, et al.
**Importance:** High

Tim,

As you are aware, the Court denied our joint stipulation requesting that
litigation deadlines be vacated and a scheduling conference be set, on the
grounds that we did not provide reasoning for our requests. Plaintiffs still
believe a continuance of litigation deadlines (we propose 6 months) is
appropriate, given the following: the parties are actively engaged in
discovery (including service of written requests, meet and confer, discovery
motions); discovery is not yet complete; Plaintiff tendered defense of
Defendants' counterclaims to her insurers, which are still evaluating
coverage; further completion of discovery and resolution of insurance
coverage issues are conditions precedent to the parties meaningfully
engaging in ADR; the parties intend to engage in ADR.

Please confirm that you agree to stipulate to extend all litigation deadlines 6
months based on the foregoing, **in principle**. If so, I will get all of this
formalized in a stipulation and order for your **final approval**. If not, this
email will constitute Plaintiffs' meet and confer on this issue before pursuing
a continuance of litigation deadlines through an administrative motion,
though we trust that will not be necessary.

I'd like to get this stipulation filed this week. As such, I'd appreciate your
prompt attention to this matter,

Michael

**Michael A. Slater | Associate**
1901 Harrison Street, Suite 900 | Oakland, CA  94612-3501
d - 510.903.8822 | t - 510.273.8780 | f - 510.839.9104
mslater@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

--

The Law Offices of Timothy Donahue
374 South Glassell Street
Orange, CA 92866
(714) 289-2445 - office
(714) 289-2450 - fax
www.AttorneyDonahue.com

--

The Law Offices of Timothy Donahue
374 South Glassell Street
Orange, CA 92866

(714) 289-2445 - office
(714) 289-2450 - fax
www.AttorneyDonahue.com

--

The Law Offices of Timothy Donahue
374 South Glassell Street
Orange, CA 92866
(714) 289-2445 - office
(714) 289-2450 - fax
www.AttorneyDonahue.com

--

The Law Offices of Timothy Donahue
374 South Glassell Street
Orange, CA 92866
(714) 289-2445 - office
(714) 289-2450 - fax
www.AttorneyDonahue.com

--

The Law Offices of Timothy Donahue
374 South Glassell Street
Orange, CA 92866
(714) 289-2445 - office
(714) 289-2450 - fax
www.AttorneyDonahue.com