Alden J. Parker (SBN 196808)
E-Mail: aparker@fisherphillips.com
FISHER & PHILLIPS LLP
621 Capitol Mall, Suite 1400
Sacramento, California 95814
Telephone: (916) 210-0400
Facsimile: (916) 210-0401

Drew M. Tate (SBN 312219)
E-Mail: dtate@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Counter-Defendants
ROBIN GOLTSMAN and
RG ABRAMS INSURANCE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RG ABRAMS INSURANCE, a California Company, and ROBIN GOLTSMAN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE LAW OFFICES OF C.R. ABRAMS, a California Limited Liability Company; RINELLI Law Group, a California Public Corporation; CHRISTOPHER R. ABRAMS, SARAH RINELLI, JACK R. MILLS, ROBIN ARMSTRONG, CYNTHIA WOOTEN,<br><br>Defendants. | Case No: 2:21-cv-00194-FLA-MAA<br><br>**DECLARATION OF DREW M. TATE IN SUPPORT OF PLAINTIFFS/COUNTER-DEFENDANTS' JOINT MOTION TO MODIFY THE SCHEDULING ORDER**<br><br><br><br>Complaint Filed: February 24, 2020<br>Trial Date: February 22, 2022 |
| AND RELATED CROSSCLAIMS | |

# DECLARATION OF DREW M. TATE

1. I am over the age of eighteen and an attorney duly licensed to practice before all courts of the State of California and in the United States District Court for the Central District of California. I am an associate with Fisher & Phillips LLP, attorneys of record for Counter-Defendants ROBIN GOLTSMAN and RG ABRAMS INSURANCE in the above-captioned case. Based on my personal knowledge, I assert the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

2. On January 28, 2021, my office was retained by Farmers Insurance to represent Counter-Defendants Robin Goltsman and RG Abrams Insurance with respect to the Counter-Claims filed by Christopher R. Abrams, Sarah Rinelli, Jack R. Mills, Robin Armstrong, and Cynthia Wooten.

3. On February 16, 2021, my office filed Notices of Appearance for Alden J. Parker and myself to provide notice to the Court and all Parties involved in this litigation that our office is associating into this matter as Counsel of Record for Counter-Defendants Robin Goltsman and RG Abrams Insurance in the defense of Counter-Claimants' Counter-Claims. *See* Dkt. No. 78, 79.

4. As a result of my office's recent retention in this matter to defend Counter-Defendants against Counter-Claimants' claims for relief and allegations, my office will need to review, analyze, and evaluate the numerous facts, claims, allegations, and events taken in this litigation to date. Specifically, this matter consists of Plaintiffs Robin Goltsman and RG Abrams Insurance's assertion of eleven (11) substantively different claims for relief against seven (7) different Defendants, Counter-Claimant Christopher R. Abrams' assertion of three (3) substantively different claims for relief against Counter-Defendants Robin Goltsman and RG Abrams Insurance, Counter-Claimants Sarah Rinelli and Jack R. Mills' assertion of seven (7) substantively different claims for relief against Counter-Defendants Robin Goltsman and RG Abrams Insurance, and Counter-Claimants Cynthia Wooten and Robin Armstrong's assertion of eight (8) substantively different claims for relief against Counter-Defendants Robin Goltsman. Also, based upon a review

of the Court's docket, the Parties have been actively and diligently litigating this matter, including Counter-Defendants' Motion to Dismiss Christopher R. Abrams' Nuisance Counter-Claims, Christopher R. Abrams' Motion to Dismiss or Transfer Action, and Plaintiffs/Counter-Defendants Motion for Attorneys' Fees and Costs Pursuant to Federal Rule of Civil Procedure Rule 4(d). *See* Dkt. No. 20, 25, 27, and 71. Further, based upon a review of the Court's Docket, the Parties have also been diligently pursuing discovery, and even engaged in a lengthy meet and confer process that lasted several months, ultimately resulting in a court-convened discovery hearing and order. *See* Dkt. Nos. 55, 58, 59, 61, 66, 70.

5. Additionally, my office will need to conduct substantial written discovery before the current May 3, 2021 discovery cut-off on behalf of Counter-Defendants. Specifically, my office is in the process of preparing and finalizing Counter-Defendant Robin Goltsman's Interrogatories, Requests for Production of Documents, and Requests for Admission upon each Counter-Claimant, including Christopher R. Abrams, Sarah Rinelli, Jack R. Mills, Robin Armstrong, and Cynthia Wooten. Counter-Defendant Robin Goltsman's Interrogatories will be aimed at discovering all facts and witnesses that support the numerous claims for relief and allegations in each Counter-Claimants' respective Counter-Claim, as well as the identity of all health care providers that have treated Counter-Claimants for the injuries that they claimed to have suffered as a result of Counter-Defendants' conduct. Counter-Defendant Robin Goltsman's Requests for Production of Documents will also be aimed at discovering any and all documents that support the Counter-Claimants' various claims for relief, allegations, damages and events alleged in all of the Counter-Claims. Finally, Counter-Defendant Robin Goltsman's Requests for Admission will request that each Counter-Claimant admit that they will not be able to meet the legal elements for all of the claims for relief alleged in each Counter-Claim based upon the application of the facts of this matter to those claims for relief. My office anticipates serving the aforementioned written discovery requests by no later than Friday, March 5, 2021.

6.   Further, upon receiving Counter-Claimants' responses to Counter-Defendant Robin Goltsman's Interrogatories, Requests for Admission, and Requests for Production of Documents, my office anticipates serving subpoenas to command the production of medical records upon any health care provider Counter-Claimants identify in their written discovery responses. Indeed, as alleged in the Counter-Claims, Counter-Claimant Christopher R. Abrams claims to have suffered physical and psychological injuries as a result of being battered by Counter-Defendant Robin Goltsman, and Counter-Claimants Robin Armstrong, Cynthia Wooten, Jack R. Mills, and Sarah Rinelli claim to have suffered severe and/or serious emotional distress as a result of Counter-Defendants' intentional and negligent conduct. *See* Dkt. No. 19, 23, and 24. Accordingly, My office intends to discover: (i) whether Counter-Claimants have received any consultation, treatment, examination from any health care provider for the injuries that Counter-Claimants attribute to Counter-Defendants' conduct; (ii) whether Counter-Claimants have taken any medication, prescribed or not, as a result of the injuries Counter-Claimants attribute to Counter-Defendants' conduct; (iii) whether any other medical services have been necessitated by the injuries that Counter-Claimants attribute to Counter-Defendants' conduct; and (iv) whether any health care provider has advised whether Counter-Claimants may require future and/or additional treatment for any injuries that they attribute to Counter-Defendants' conduct. Stated differently, Counter-Defendants' anticipated subpoenas to command the production of Counter-Claimants' medical records is necessary for Counter-Defendants to evaluate whether and to what extent Counter-Claimants have suffered any damages including emotional distress, and whether Counter-Claimants have incurred any actual expenses in treating their claimed injuries and emotional distress.

7.   Finally, Counter-Defendants anticipate deposing all of the Counter-Claimants' regarding their respective claims for relief, allegations, and damages, as well as any other non-party witness to Counter-Claimants' claims, allegations, and damages. Counter-Defendants specifically hope to depose Counter-Claimants after receiving

Counter-Claimants' responses to Counter-Defendant Robin Goltsman's Interrogatories, Requests for Production of Documents, and Requests for Admission, as well after receiving any responsive production to any subpoena to Counter-Claimants' health care providers commanding the production of their medical records. Counter-Defendants will request and intend to keep open any deposition in the event Counter-Defendants do not receive timely Counter-Claimants' written discovery responses and/or any timely production to any subpoenas that Counter-Defendants serve.

8. On February 23, 2021, I sent counsel for Defendants/Counter-Claimants, timothy Donahue, an email correspondence confirming my office's agreement to continue all litigation deadlines six months to allow the Parties to continue and complete discovery efforts. Attached hereto as **Exhibit A** is a true and correct copy of my email correspondence to Timothy Donahue, dated February 23, 2021.

9. In order to prepare the Motion to Amend the Scheduling Order, I performed **3.5 hours** of legal work broken down by the following tasks:

    a. Review and analyze discovery propounded and discovery meet and confer efforts **(.40)**;

    b. Review and analyze procedural posture and procedural history **(.40)**;

    c. Prepare Memorandum of Points and Authorities in support of Motion to Amend Scheduling Order **(.8)**; and

    d. Prepare Declaration of Drew M. Tate in support of Motion to Amend Scheduling Order **(1.9)**.

///
///
///
///
///
///
///

10. Accordingly, the attorneys' fees for preparing this Motion thus far total **$840**, calculated by multiplying my hourly rate ($240.00) by the **3.50** I spent preparing this motion thus far. The **$840** in attorneys' fees incurred by Counter-Defendants' thus far does not include the attorneys' fees which will be required to prepare a Reply to Defendants/Counter-Claimants' anticipated Opposition, or the attorneys' fees for attending a hearing on this Motion.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America that the foregoing is true and correct.

Executed on March 4, 2021, at Los Angeles, California.

*/s/ Drew M. Tate*
Drew M. Tate, Esq.