UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RG ABRAMS INSURANCE, *et al.*,<br><br>                          Plaintiffs,<br><br>          v.<br><br>THE LAW OFFICES OF C.R. ABRAMS, *et al.*,<br><br>                          Defendants. | Case No. 2:21-cv-00194-FLA (MAAx)<br><br>**ORDER DENYING DEFENDANTS' RENEWED MOTION TO DISMISS [DKT. 119]** |

1

**<u>RULING</u>**

Before the court is Defendants Christopher R. Abrams ("Abrams"), Sarah Rinelli ("Rinelli"), Jack R. Mills ("Mills"), Robin Armstrong ("Armstrong"), and Cynthia Wooten's ("Wooten") (collectively, "Moving Defendants") Renewed Motion to Dismiss ("Renewed Motion" or "Mot."). Dkt. 119. The court finds this matter appropriate for resolution without oral argument and vacates the hearing set for October 22, 2021. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons set forth below, the court DENIES the Motion.

**<u>BACKGROUND</u>**

Plaintiffs RG Abrams Insurance ("RGAI") and Robin Goltsman ("Goltsman") (collectively, "Plaintiffs") filed the Complaint in this action in the United States District Court for the Northern District of California on February 24, 2020. Dkt. (Compl.) 1.[1] In addition to state law claims, Plaintiffs assert a single federal cause of action for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. *Id*. at 11-12 (Count I) ¶¶ 1-6.[2] Plaintiffs allege non-diverse Defendants Rinelli, Mills, Wooten, and Armstrong intentionally accessed Goltsman's computer without authorization and/or in a manner that exceeded their authorization. *Id*. at 11 (Count I) ¶ 3; *id*. at 10 (Facts), ¶ 17 ("Individually or acting together, Defendants took property belonging to Goltsman in order to start their new firm. Defendants took the database Goltsman created, Goltsman's marketing software, and her stand-alone marketing computer.").

On June 12, 2020, Defendants filed a motion to dismiss the Complaint for lack of subject matter jurisdiction, lodging a facial attack against the jurisdictional

---

[1] The parties are familiar with the allegations and procedural history of this action. The court, therefore, relays only the following facts as necessary to decide the instant Motion.

[2] The court, herein, refers to the document page numbers listed on the CM/ECF system rather than the internal page numbers identified by the parties.

2

allegations in the Complaint, and a motion to dismiss for improper venue or, alternatively, to transfer the action to the United States District Court for the Central District of California. Dkt. 25. On January 8, 2021, the Honorable Jon S. Tigar denied Defendants' motion to dismiss, concluding, "Defendants' facial challenge to the Court's jurisdiction under 28 U.S.C. § 1331 fails." Dkt. 71 at 8. Judge Tigar granted Defendants' alternative relief, however, and ordered the action transferred to this district. *Id*. at 11-13.

On May 25, 2021, Moving Defendants filed the instant Renewed Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, this time bringing a factual challenge to the allegations in the Complaint. Dkt. 119. In their Renewed Motion, Defendants argue this action should be dismissed in its entirety because Plaintiffs fail to state a claim under the CFAA and, therefore, the court lacks jurisdiction over Plaintiffs' remaining state law claims. Included with their Renewed Motion were the declarations of Abrams, Rinelli, and Mills, in which they each state that—contrary to the allegations in the Complaint—they did not access Plaintiffs' computer and that Plaintiffs did not revoke any access they had earlier provided. Dkt. 120 at 8 (Rinelli Decl.) ¶¶ 3-5; *id*. at 11 (Mills Decl.) ¶ 3; *id*. at 13 (Abrams Decl.) ¶ 3.

After reviewing the parties' briefing on Defendants' Renewed Motion to Dismiss, the court ordered supplemental briefing due September 10, 2021, which the parties timely filed. Dkts. 141, 170, 210, 211.

## **LEGAL STANDARD**

The district courts shall have original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. … In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. The court need not presume the truthfulness of the plaintiff's allegations. Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (citations omitted).

A jurisdictional finding of genuinely disputed facts is inappropriate, however, when the jurisdictional issue and substantive claims are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action. *Meyer*, 373 F.3d at 1039-40. The question of jurisdiction and the merits of an action are "intertwined" where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief. *Id*.

## DISCUSSION

"The CFAA prohibits acts of computer trespass by those who are not authorized users or who exceed authorized use. It creates criminal and civil liability for whoever 'intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains … information from any protected computer.'" *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1065-66 (9th Cir. 2016) (quoting 18 U.S.C. § 1030(a)(2)(C)); *see also Van Buren v. United States*, 141 S. Ct. 1648, 1652 (2021).

Claims under the CFAA may hinge on the extent of the Defendants' access and whether and when access was granted and later revoked. *See Facebook*, 844 F.3d at 1067. As the Ninth Circuit has explained, "a defendant can run afoul of the CFAA when he or she has no permission to access a computer or when such permission has been revoked explicitly." *Id.*

The Complaint alleges that, after Defendants' employment relationships were terminated, Defendants stole Plaintiffs' computer and used the computer—without Plaintiffs' authorization—to access Plaintiffs' client database, marketing materials, and other files. Compl. at 11-16 (Count I) ¶¶ 2, 6. Plaintiffs explain that, by the time of the alleged computer theft, Goltsman had expressly revoked any access that Abrams, Rinelli, Armstrong, and Wooten had previously enjoyed. *See id.* at 8-10, 13-14; Dkt. 210-1 (Goltsman Decl.) ¶¶ 3-5, 7-14. Thus, according to Plaintiffs, any alleged access to the client database, marketing materials, and other files by Defendants was without authorization and injured Plaintiffs in an amount greater than $5,000. *See* Dkt. 210 (Pl. Suppl. Br.) at 8-10; Dkt. 210-1 (Goltsman Decl.) ¶ 15.

Moving Defendants rely on the declarations of Abrams, Rinelli, and Mills to argue they did not access a computer owned by Plaintiffs, and that Plaintiffs did not explicitly revoke any access to any computer they had earlier provided. *See* Dkt. 120 at 8 (Rinelli Decl.) ¶¶ 3-5; *id.* at 11 (Mills Decl.) ¶ 3; *id.* at 13 (Abrams Decl.) ¶ 3. As the Renewed Motion disputes the truth of the allegations of the Complaint, Moving Defendants present a factual challenge to the court's jurisdiction. *See Meyer*, 373 F.3d at 1039.

After considering the parties' arguments, the court finds the opposing evidence regarding Defendants' access is intertwined with the merits of the underlying dispute. *See id.* at 1039-40 ("The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.") (internal quotation marks and citations omitted). The parties' competing evidence regarding access and

permission goes not only to whether jurisdiction exists, but also to whether Plaintiffs are entitled to relief under the CFAA. *See Facebook*, 844 F.3d at 1067 ("[A] defendant can run afoul of the CFAA when he or she has no permission to access a computer or when such permission has been revoked explicitly"). In the present situation, the court may not resolve factual disputes that affect both jurisdiction and the merits. *See Meyer*, 373 F.3d at 1040. Thus, the court DENIES Defendants' Renewed Motion and need not address the parties' remaining arguments.

**<u>CONCLUSION</u>**

For the foregoing reasons, the court DENIES Defendants' Renewed Motion.

IT IS SO ORDERED.

Dated: October 7, 2021

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge