UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RG ABRAMS INSURANCE, et al.,<br><br>                  Plaintiffs,<br><br>     v.<br><br>THE LAW OFFICES OF C.R. ABRAMS, et al.,<br><br>                  Defendants. | Case No. 2:21-cv-00194-FLA (MAAx)<br><br>**ORDER ADJUDICATING DEFENDANTS TO BE IN CONTEMPT OF COURT ORDERS, IMPOSING SANCTIONS, AND SETTING STATUS CONFERENCE [DKTS. 229, 237]** |

## RULING

Before the court are two Orders to Show Cause Why Defendants Should Not Be Held in Contempt for Violation of Court Orders (collectively, the "OSCs"). Dkt. 229, 237. The court held a hearing on the OSCs on November 5, 2021 (the "Hearing"). For the reasons stated herein, the court:

- FINDS by clear and convincing evidence and ADJUDGES Defendants Christopher R. Abrams ("Abrams"), Sarah Rinelli ("Rinelli"), Jack R. Mills ("Mills"), Cynthia Wooten ("Wooten"), and Robin Armstrong

1

("Armstrong") (collectively, "Defendants")[1] to be in contempt of the order in this action dated December 21, 2020 (the "December 21, 2020 Order") (Dkt. 69);

- FINDS by clear and convincing evidence and ADJUDGES Defendants Rinelli, Mills, and Wooten to be in contempt of the order in this action dated January 8, 2021 (the "January 8, 2021 Order") (Dkt. 71);

- FINDS by clear and convincing evidence and ADJUDGES Defendants Abrams, Rinelli, Mills, Wooten, and Armstrong to be in contempt of court orders dated July 8, 2021 (Dkt. 134), July 14, 2021 (Dkt. 146), and August 10, 2021 (Dkt. 182) (collectively, the "Three Discovery Orders");

- ORDERS Defendants Abrams, Rinelli, Mills, Wooten, and Armstrong, jointly and severally, to pay Plaintiffs $2,730.00 in attorney's fees incurred in bringing the March 3, 2021 Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt for Violation of Court Orders (the "March 3, 2021 OSC Motion") (Dkt. 82), by no later than December 6, 2021;

- ORDERS Defendants Abrams, Rinelli, Mills, Wooten, and Armstrong, jointly and severally, to pay Plaintiffs $5,215.00 in attorney's fees incurred in bringing the September 17, 2021 Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt for Violation of Court Orders (the "September 17, 2021 OSC Motion") (Dkt. 213), by no later than December 6, 2021;

- ORDERS Defendants Abrams, Rinelli, Mills, Wooten, and Armstrong, jointly and severally, to pay to the court a per diem fine of $100.00

---

[1] For purposes of the subject Orders to Show Cause, the court will refer to these five Defendants collectively as "Defendants."  Defendants Rinelli Law Group and The Law Offices of C.R. Abrams, P.C. are not included within the scope of the court's references to "Defendants" for purposes of this order.

starting November 6, 2021, for each day up to and including December 3, 2021 that all amounts owed under the December 21, 2020 Order, the January 8, 2021 Order, and the Three Discovery Orders remain unpaid; and

- SETS a status conference for December 3, 2021 at 1:30 p.m. and ORDERS Defendants Abrams, Rinelli, Mills, Wooten, and Armstrong to appear in-person to address their compliance with the December 21, 2020 Order, the January 8, 2021 Order, the Three Discovery Orders, and payment of the per diem fine payable to the court, if applicable.

If the amounts due under the December 21, 2020 Order, the January 8, 2021 Order, the Three Discovery Orders, and the applicable per diem fines ordered by this court have not been paid in full on or before the 1:30 p.m. hearing on December 3, 2021, the court will order Defendants Abrams, Mills, Rinelli, Wooten, and Armstrong to surrender to the U.S. Marshal's Service in court and to remain in custody until all amounts due under the December 21, 2020 Order, the January 8, 2021 Order, the Three Discovery Orders, and the applicable per diem fines ordered by this court have been paid in full.  The court will issue an arrest warrant for any Defendant who fails to appear for the status conference on December 3, 2021.

The court will purge the contempt as to Defendants Abrams, Mills, Rinelli, Wooten, and Armstrong only upon a joint filing by Plaintiffs and Defendants, in which Plaintiffs and Defendants' counsel attest under penalty of perjury that Defendants have paid Plaintiffs, and that Plaintiffs have received, all amounts due under the December 21, 2020 Order, the January 8, 2021 Order, and the Three Discovery Orders, and that Defendants have paid all applicable per diem fines to the court.

/ / /

/ / /

3

1

### BACKGROUND[2]

Plaintiffs filed the Complaint in this action in the United States District Court for the Northern District of California on February 24, 2020.  Dkt. (Compl.) 1. Plaintiffs assert a single federal cause of action for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 (against all Defendants), *id*. at 11-12 (Count I) ¶¶ 1-6, and causes of action under state law for fraud and intentional deceit (against Defendants Mills, Wooten, and Armstrong), negligent misrepresentation (against the same Defendants), intentional interference with prospective economic advantage (against all Defendants), negligent interference with prospective economic advantage (against Defendants Mills, Wooten, and Armstrong), conversion (against all Defendants), breach of contract (against Defendants Abrams, Rinelli, and Mills), breach of the implied covenant of good faith and fair dealing (against the same Defendants), breach of fiduciary duty and duty of loyalty (against Defendants Wooten and Armstrong), unjust enrichment and promissory estoppel (against all Defendants), and civil conspiracy (against all Defendants).  *Id*. at 11-20, ¶¶ 1-72.[3]

### I.    The Northern District of California Orders and Order to Show Cause

On June 17, 2020, Plaintiffs filed a Motion for Service Costs and Attorney's Fees pursuant to Fed. R. Civ. P. 4(d) ("Rule 4 Motion"), in which they requested the court order Defendants Wooten, Mills, Rinelli, and Armstrong to pay the costs of service and associated attorney's fees (including the fees required to bring the Rule 4 Motion).  Dkt. 27.  In an order dated January 8, 2021, the Honorable Jon S. Tigar granted Plaintiffs' Rule 4 Motion in part and ordered Defendants Mills, Wooten, and Rinelli to pay Plaintiffs $2,395.10 for the costs of service only as to these Defendants

---

[2] The parties are familiar with the factual and procedural background of this action and includes only the factual background necessary to rule on the instant Orders to Show Cause.

[3] The court, herein, refers to the page numbers of docket entries according to the page numbers assigned by the court's CM/ECF header.

4

and $5,250.00 for attorney's fees incurred in bringing the Rule 4 Motion, thus totaling sanctions of $7,645.10. Dkt. 71 at 7. The court denied the Rule 4 Motion as to Defendant Armstrong because Plaintiffs did not prove they had sent written notice to Armstrong as required under Rule 4(d). *Id*. at 5.

On December 11, 2020, Plaintiffs filed a Motion for Administrative Relief to Extend Mediation Deadline ("Administrative Motion"), in which they requested (1) the court extend the parties' deadline to complete mediation from December 31, 2020 to March 1, 2021, due to discovery related delays, and (2) the court order Defendants Abrams, Rinelli, Mills, Wooten, and Armstrong to pay Plaintiffs' attorney's fees incurred in bringing the Administrative Motion. Dkt. 60. In an order dated December 20, 2021, Judge Tigar granted Plaintiffs' Administrative Motion in its entirety and ordered Defendants to pay Plaintiffs, within 30 days, $1,400 for attorney's fees incurred in connection with the Administrative Motion. Dkt. 69.

According to Plaintiffs, Defendants have not paid the attorney's fees ordered with respect to either the Rule 4 Motion or the Administrative Motion. *See generally* Dkt. 82; Dkt. 82-1 (Slater Decl.) ¶ 2; Dkt. 82-4 (Peden Decl.) ¶ 3. On February 10, 2021, Plaintiffs' counsel, Michael Slater ("Mr. Slater"), emailed Defendants' counsel, Timothy Donahue, regarding Defendants' non-compliance. Dkt. 82 at 6; Dkt. 82-1 (Slater Decl.) ¶ 3; Dkt. 82-2 (Ex. A) at 1. Mr. Slater provided Mr. Donahue with instructions for sending the amounts owed via check or wire transfer and requested the amounts be paid within 24 hours. Dkt. 82-1 (Slater Decl.) ¶ 3; Dkt. 82-2 (Ex. A) at 1. Mr. Slater further attests that Mr. Donahue did not respond to Mr. Slater's February 10, 2021 email, but later acknowledged, during a telephone conference with Mr. Slater on February 12, 2021, that he would address Defendants' non-compliance with his clients. Dkt. 82-1 (Slater Decl.) ¶ 4; Dkt. 82-3 (Ex. B). On February 23, 2021, Plaintiffs' co-counsel, Patricia Peden ("Ms. Peden"), sent an email to Mr. Donahue regarding Defendants' non-compliance and requesting the amounts be paid. Dkt. 82-5

(Ex. C).  Ms. Peden attests that Mr. Donahue did not respond to her email.  Dkt. 82-4 (Peden Decl.) ¶ 3.

On March 3, 2021, Plaintiffs filed the March 3, 2021 OSC Motion, seeking an order requiring Defendants to show cause: (1) why the court should not issue terminating sanctions as to Defendants' counterclaims against Plaintiffs; (2) why Defendants should not be adjudicated in contempt of the December 21, 2020 Order; (3) why Defendants should not be adjudicated in contempt of the January 8, 2021 Order; (4) why Defendants should not be ordered to pay Plaintiffs' attorneys' fees incurred in connection with the March 3, 2021 OSC Motion; (5) why the court should not impose a fine, payable to the court, for each day beyond this court's ruling on this Motion, that Defendants fail to bring themselves into compliance with the December 21, 2020 Order and January 8, 2021 Order; and (6) why the court should not order other relief the court deems appropriate.  Dkts. 82, 83.

Defendants filed an Opposition on April 2, 2021, and Plaintiffs filed a Reply on April 5, 2021.  Dkts. 91, 92.  On October 15, 2021, the court granted Plaintiffs' Motion and ordered Defendants Abrams, Mills, Rinelli, Wooten, and Armstrong to appear in court on October 29, 2021 to show cause why the court should find them in contempt of the December 21, 2020 Order and the January 8, 2021 Order.  Dkt. 237. The court allowed supplemental briefing on why Defendants should not be held in contempt, which Defendants timely filed on October 22, 2021 as an "Opposition to OSC."  Dkt. 242.  On October 24, 2021, the court continued the hearing to November 5, 2021, pursuant to Defendants' ex parte application.  Dkt. 243.

## II.   The Three Discovery Orders and Order to Show Cause

On September 17, 2021, Plaintiffs filed the September 17, 2021 OSC Motion, requesting the court order Defendants Abrams, Mills, Rinelli, Wooten, and Armstrong to show cause why they should not be held in contempt of the Three Discovery Orders in this action, dated July 8, July 14, and August 10, 2021, each of which ordered Defendants to pay Plaintiffs, jointly and severally, certain discovery related sanctions

as detailed in each order.  Dkt. 213.  Specifically, first, on July 8, 2021, the court ordered Defendants to pay Plaintiffs, jointly and severally, $2,660.00 for reasonable expenses incurred in bringing the underlying discovery motion, due no later than 30 days after the date of the order.  Dkt. 134.  Second, on July 14, 2021, the court ordered Defendants to pay Plaintiffs, jointly and severally, $2,030.00 for reasonable expenses incurred in bringing the underlying discovery motion, due no later than 30 days after the date of the order.  Dkt. 146.  Third, on August 10, 2021, the court ordered Defendants to pay Plaintiffs, jointly and severally, $1,855.00 for reasonable expenses incurred in bringing the underlying discovery motion, due no later than 30 days after the date of the order.  Dkt. 182.

In their September 17, 2021 OSC Motion, Plaintiffs specifically sought an order for Defendants to show cause: (1) why Defendants should not be adjudicated in contempt of the July 8, 2021 order, the July 14, 2021 order, and the August 10, 2021 order; (2) why Defendants should not be ordered to pay, jointly and severally, a per diem fine payable to the court for each day they continued to fail to comply; (3) why the court should not issue warrants for Defendants' arrest; and (4) why the court should not order Defendants to pay Plaintiffs' reasonable attorney's fees incurred in bringing the September 17, 2021 OSC Motion.  Dkt. 213.

In an order dated October 7, 2021 ("October 7, 2021 Order"), Magistrate Judge Audero granted the September 17, 2021 OSC Motion and ordered Defendants Abrams, Mills, Rinelli, Wooten, and Armstrong to show cause before this court why they should not be held in contempt of the Three Discovery Orders.  In granting the motion, Magistrate Judge Audero certified facts showing Plaintiffs had established a prima facie case of contempt, including that (1) the Three Discovery Orders were issued and sanctions were ordered as described above, (2) Defendants had not paid any of the amounts due under any of the Three Discovery Orders, and (3) Defendants failed to explain their noncompliance despite being offered multiple opportunities to

1   do so, including during a hearing held by Magistrate Judge Audero on August 10,

2   2021.  Dkt. 229 at 10-13.

3       In response to the October 7, 2021 Order, this court scheduled Defendants to

4   appear in-person for the November 5, 2021 Hearing, at which time Defendants again

5   failed to offer any explanation for their noncompliance.

6                                **LEGAL STANDARD**

7       It is well-established that "courts have inherent power to enforce compliance

8   with their lawful orders through civil contempt."  *Shillitani v. United States*, 384

9   U.S. 364, 370 (1966); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

10  Punishment for civil contempt is usually considered to be remedial and is designed to

11  enforce compliance with a court order.  *United States v. Powers*, 629 F.2d 619, 627

12  (9th Cir. 1980).

13      An order holding a party in contempt is appropriate "[i]f a person disobeys a

14  specific and definite court order" by failing to take "all the reasonable steps within his

15  power to [ensure] compliance with the court's order."  *In re Crystal Palace Gambling*

16  *Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987) (citing *Shuffler v. Heritage Bank*, 720

17  F.2d 1141, 1146 (9th Cir. 1983)) (quotation marks and brackets omitted).  In the Ninth

18  Circuit, a party alleging that another person should be held in civil contempt must

19  establish by clear and convincing evidence that the alleged contemnor (1) "violated

20  the court order," (2) "beyond substantial compliance," (3) "not based on a good faith

21  and reasonable interpretation of the order."  *Lab./Cmty. Strategy Ctr. v. L.A. Cnty.*

22  *Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009) (quotations omitted).

23      In the context of civil contempt, "[i]t does not matter what the intent of the

24  [party] was when [it] violated the court's order."  *In re Crystal Palace*, 817 F.2d at

25  1365 (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)).  Because

26  the purpose of civil contempt is remedial, willfulness is not a necessary element for

27  civil contempt.  *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) (citing, *e.g.*,

28  *McComb*, 336 U.S. at 191).  Still, subjective intent may be relevant, and "civil

contempt sanctions may be warranted when a party acts in bad faith." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1802 (2019) (citing *Chambers*, 501 U.S. at 50). In making a contempt determination, a court may consider "the [party's] history of noncompliance" and "the failure to comply despite the pendency of the contempt motion." *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 857 (9th Cir. 1992), *cert. denied*, 506 U.S. 1081 (1993). "[A] party's record of continuing and persistent violations and persistent contumacy justifie[s] placing the burden of any uncertainty in the decree … on [the] shoulders of the party who violated the order." *Taggart*, 139 S. Ct. at 1802 (quotations omitted).

Once a prima facie showing of civil contempt is made, the burden shifts to the alleged contemnor to "produce evidence explaining his noncompliance." *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999) (quotations omitted). While the inability to comply with a court order may be a defense to contempt, the party asserting that defense must show "categorically and in detail" why compliance is impossible. *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1240-41 (9th Cir. 1999). It is well-established that a party petitioning for an adjudication that another party is in civil contempt does not have the burden of showing that the other party has the capacity to comply with the court's order. *E.g.*, *NLRB v. Trans Ocean Export Packing, Inc.*, 473 F.2d 612, 616 (9th Cir. 1973).

"Because civil contempt sanctions are viewed as nonpunitive and avoidable, fewer protections for such sanctions have been required." *Int'l Union v. Bagwell*, 512 U.S. 821, 831 (1994). "Neither a jury trial nor proof beyond a reasonable doubt is required." *Id*. at 827. Instead, civil contempt "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Id*. Indeed, the Ninth Circuit has held "that finding a party in civil contempt without a full-blown evidentiary hearing does not deny due process of law to a contemnor." *Ayres*, 166 F.3d at 995 (citations omitted). While the Ninth Circuit has instructed that contempt sanctions ordinarily should not be imposed "solely on the basis of affidavits," where the

contemnor "[does] not present any arguments which create[] any material issue of fact, due process [does] not require an evidentiary hearing prior to a finding of contempt." *Id.* at 995-96 (citations and quotation marks omitted).

## DISCUSSION

**I.    The Northern District of California Orders and Order to Show Cause**

    **A.    Whether Plaintiffs Have Shown a Prima Facie Case of Contempt as to the December 21, 2020 Order and January 8, 2021 Order**

On December 21, 2020, Judge Tigar granted Plaintiffs' Administrative Motion and ordered Defendants to pay Plaintiffs' attorney's fees incurred in bringing the Administrative Motion in the amount of $1,400.  Dkt. 69.  On January 8, 2021, Judge Tigar granted Plaintiffs' Rule 4 Motion in part and ordered Defendants Mills, Wooten, and Rinelli to pay Plaintiffs $2,395.10 for the costs of service as to these Defendants and $5,250.00 for the attorney's fees incurred bringing the Rule 4 Motion, for total sanctions of $7,645.10.  Dkt. 71 at 7.  At the November 5, 2021 Hearing, Plaintiff's counsel, Mr. Slater, represented that the amounts outstanding under the December 21, 2020 Order and the January 8, 2021 Order still had not been paid.

In their Opposition to Plaintiff's March 3, 2021 OSC Motion and at the Hearing, Defendants did not dispute they had not paid the amounts due, even after Plaintiffs' counsel sent multiple requests with reminders and instructions for payment. *See id.*; Dkt. 82-1 (Slater Decl.) ¶¶ 2-4.  Defendants similarly did not contest that Judge Tigar issued the Orders.  *See generally* Dkt. 91.  Instead, relying on *Stone*, 968 F.2d at 856 n.9, Defendants argued Plaintiff had not proven the existence of a "specific and definite order" to warrant contempt sanctions.  Dkt. 91 at 3.  The court disagrees.

    **1.    Whether the Orders Were Specific and Definite**

As the Ninth Circuit explained in *Stone*, 968 F.2d at 865, "the moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court."  Defendants argue the December 21, 2020

10

Order and January 8, 2021 Order are not specific and definite because they do not differentiate among the two Plaintiffs and multiple Defendants in apportioning relief. Dkt. 91 at 6.  In the December 21, 2020 Order, however, Judge Tigar ordered Defendants Abrams, Rinelli, Mills, Armstrong, and Wooten to pay Plaintiffs RG Abrams Insurance and Goltsman $1,400 for the attorney's fees incurred in bringing the Administrative Motion.  In the January 8, 2021 Order, Judge Tigar ordered Defendants Mills, Wooten, and Rinelli to pay Plaintiffs RG Abrams Insurance and Robin Goltsman $2,395.10 for the costs of service and $5,250.00 for the attorney's fees incurred to effectuate service. *See* Dkt. 71 at 5-7.  These orders constitute specific and definite orders of the court.

Moreover, even assuming, arguendo, the December 21, 2020 Order and January 8, 2021 Order were not sufficiently specific and definite, a party seeking to avoid civil contempt must "take all reasonable steps within the party's power to comply" with a court order. *In re Dual-Deck Video Cassette Recorder Antitrust Litig*., 10 F.3d 693, 695 (9th Cir. 1993).  Among those steps is seeking clarification from the court of a purportedly vague order. *See, e.g., Blemaster v. Sabo*, Case No. 2:16-cv-04557-JWS, 2018 U.S. Dist. LEXIS 229983, at *7-8 (D. Ariz. June 1, 2018) (concluding that argument regarding which attorney was responsible for the sanction was "disingenuous," as "Defense Attorneys have never raised such an issue in their many filings on this matter.  Indeed, Defense Attorneys never filed a motion for reconsideration on the initial imposition of sanctions, nor did they raise the issue of vagueness or challenge the imposition of the sanction when responding to Plaintiff's subsequent request for fees."); *Wool Growers Ass'n v. Vilsack*, Case No. 1:08-cv-00394-BLW, 2016 U.S. Dist. LEXIS 22000, at *31 (D. Idaho Feb. 23, 2016) (stating, where party objected to court's orders as not specific and definite, "[a]t a minimum, the [party] should have sought clarification from this Court").  Here, Defendants have not sought orders seeking clarification or reconsideration of the December 21, 2020

Order and January 8, 2021 Order, and Defendants' arguments regarding lack of specificity, thus, fail.

Accordingly, Plaintiffs have shown by clear and convincing evidence that Defendants have failed to substantially comply with the December 21, 2020 Order and January 8, 2021 Order.  *See Lab./Cmty. Strategy Ctr.*, 564 F.3d at 1123.

### 2. Whether Defendants' Non-Compliance Was Based on a Good Faith, Reasonable Interpretation of the Orders

Plaintiffs also demonstrate by clear and convincing evidence that Defendants' noncompliance is not based on a good faith, reasonable interpretation of the orders. *See id*.  Indeed, Plaintiffs present clear and convincing evidence that Defendants failed to provide any justification for their noncompliance.

On February 10, 2021, Mr. Slater emailed Mr. Donahue regarding Defendants' failure to pay the amounts due; Mr. Donahue did not respond.  Dkt. 82-2 (Slater Decl. Ex. A) at 2; Dkt. 82-1 (Slater Decl.) ¶ 3.

On February 12, 2021, Mr. Slater called Mr. Donahue to meet and confer regarding several issues, including Defendants' failure to pay the amounts due.  Dkt. 82-1 (Slater Decl.) ¶ 4.  According to Mr. Slater's declaration testimony and a contemporaneous memorialization of the telephone conference, Mr. Donahue neither contested the validity of the December 21, 2020 and January 8, 2021 Orders, nor did he offer any explanation for Defendants' noncompliance.  *Id*.; Dkt. 82-3 (Slater Decl. Ex. B).  Instead, Mr. Donahue indicated he would address "the outstanding attorneys' fees issue" with Defendants.  Dkt. 82-1 (Slater Decl.) ¶ 4; Dkt. 82-3 (Slater Decl. Ex. B).

On February 23, 2021, Plaintiffs' counsel, Ms. Peden, sent an email to Mr. Donahue noting his lack of any response to the earlier requests for the amounts due. Dkt. 82-5 (Peden Decl. Ex. C); Dkt. 82-4 (Peden Decl.) ¶ 3.  Ms. Peden wrote, "I write to address Defendants' contempt of the Court's order awarding fees.  Mr. Slater has tried to resolve this issue with you, but you do not give him the courteously [sic]

of a response."  Dkt. 82-5 (Peden Decl. Ex. C); Dkt. 82-4 (Peden Decl.) ¶ 3.  Ms. Peden attests Mr. Donahue did not respond to her email.  Dkt. 82-4 (Peden Decl.) ¶ 3.

The evidence shows Defendants were presented with multiple opportunities to justify their noncompliance with the orders, but failed to offer any justification, and failed to respond entirely to Plaintiffs' email inquiries on at least two occasions and in open court at the November 5, 2021 Hearing.  The court, therefore, finds Plaintiffs have established a prima facie case that Defendants Abrams, Mills, Rinelli, Wooten, and Armstrong should be deemed in contempt of the December 21, 2020 Order and that Defendants Mills, Wooten, and Rinelli should be deemed in contempt of the January 8, 2021 Order.

**B.    Whether Defendants Have Produced Evidence Explaining Their Noncompliance**

In their Opposition to the March 3, 2021 OSC Motion, in their supplemental Opposition to the OSC, and at the November 5, 2021 Hearing, Defendants failed to provide evidence explaining their noncompliance, submit declaration testimony or exhibits challenging Plaintiffs' evidentiary showing, or state on the record their reasons for noncompliance. *See generally* Dkt. 91.  Accordingly, the court finds Defendants have failed to meet their responsive burden to "produce evidence explaining [their] noncompliance." *See Ayres*, 166 F.3d at 994.

Instead, Defendants raised a number of arguments in opposition that the court finds unpersuasive.  First, Defendants appear to argue in their papers (not at the Hearing) that it would violate the Equal Protection and Due Process clauses of the Fourteenth Amendment to find litigants in contempt for failure to pay amounts due when they are "low on money" and are unable to pay.  Dkt. 91 at 7; Dkt. 242 at 3 (arguing Plaintiffs "cannot show and has not showed by clear and convincing evidence, any ability legally, or factually, to comply").  As stated, however, while the inability to comply with a court order may be a defense to contempt, the party asserting that defense must show "categorically and in detail" why compliance is

impossible. *Affordable Media,* 179 F.3d at 1240-41 (quoting *NLRB*, 473 F.2d at 616);
*see also United States v. Rylander*, 656 F.2d 1313, 1318 (9th Cir. 1981) ("It is settled
… that in raising this defense, the defendant has a burden of production."), *rev'd on
other grounds*, 460 U.S. 752 (1983).

Here, far from showing "categorically and in detail" that they cannot pay the
amounts due, Defendants fail to submit any evidence regarding their inability to pay.
Indeed, Defendants do not even argue specifically that they are unable to pay, stating
only the following:

> The US Supreme Court in Bearden -vs- Georgia  461 U.S. 660, 669 ;
> ruled a violation of equal protection and due process under the 14th
> amendment, for attempting to punish one for inability to pay.
> People -v- Duenas ( 2019 ) 30 Cal App 5th, 1157.  The court held no
> rational purpose for attempting to punish a person low on money.
> (this was before Covid).  Covid is a national health& financial crisis
> and worldwide financial crisis.

Dkt. 91 at 6-7 (all punctuation, grammatical, typographical, and citation errors in
original).  This statement, alone, is insufficient to meet Defendants' burden to
demonstrate their inability to pay.  Defendants made no additional showing that they
were unable to pay the amounts owed at the November 5, 2021 Hearing, and
Defendants' argument, thus, fails.

Finally, Defendants argued in their Opposition to the OSC that the court should
not find them in contempt because: (1) "plaintiff does not even exist," and (2) the
sanctions ordered "would violate IRS rules requiring proof of a taxpayer identification
number."  Dkt. 242 at 2.  None of these arguments is persuasive.

First, to the extent Defendants intend to argue Plaintiff RG Abrams Insurance
"never existed" and "was only a DBA" and, thus, cannot prosecute this action, *id.* at 2,
Defendants cite no evidence in support of this assertion or any legal authority to
establish that RG Abrams Insurance must "exist" as a registered corporation or other
entity to file suit under that name.  Capacity to sue is determined by the law of the
state where the court is located, which in this case is California, except that "a

partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws." Fed. R. Civ. P. 17(b)(3). Under California law, "[a] partnership or other unincorporated association, whether organized for profit or not, may sue and be sued in the name it has assumed or by which it is known." Cal. Code Civ. Proc. § 369.5(a). Thus, even if RG Abrams Insurance "never existed" and "was only a DBA," it "may sue … in the name it has assumed or by which it is known" under Fed. R. Civ. P. 17(b) and Cal. Code Civ. Proc. § 369.5(a). The court will not excuse Defendants' noncompliance on this basis.

Second, Defendants suggest, in a single paragraph and without citation to legal authority, that payment of sanctions to Plaintiffs' counsel's law firm would violate rules of the Internal Revenue Service. *Id*. at 2-3. The court need not address "perfunctory and underdeveloped arguments." *See Khademi v. S. Orange Cnty. Cmty. Coll. Dist*., 194 F. Supp. 2d 1011, 1027 (C.D. Cal. 2002) (A judge "is neither required to hunt down arguments [the parties] keep camouflaged, nor required to address perfunctory and undeveloped arguments…."). Without citation to authority establishing that the payment of sanctions ordered in this action would necessarily cause Defendants to face legal liability or violate IRS provisions, the court declines to excuse Defendants' noncompliance on this basis.

### C.    Conclusion: Contempt of the Northern District of California Orders

In sum, Plaintiffs have met their burden to establish a prima facie showing that Defendants are in contempt of Judge Tigar's December 21, 2020 and January 8, 2021 Orders, which Defendants have failed to rebut. The court, therefore, FINDS by clear and convincing evidence and ADJUDGES Defendants Rinelli, Mills, and Wooten to be in contempt of the January 8, 2021 Order, and FINDS and ADJUDGES Defendants Abrams, Rinelli, Mills, Wooten, and Armstrong to be in contempt of the December 21, 2020 Order.

/ / /

## II.     **The Three Discovery Orders**

Magistrate Judge Audero ruled in her October 7, 2021 Order that Plaintiffs had established a prima facie case of contempt as to each of the Three Discovery Orders. Dkt. 229 at 21-22.  As with Plaintiffs' prima facie case regarding contempt of the December 21, 2020 Order and the January 8, 2021 Order, Defendants failed to rebut Plaintiffs' prima facie showing that they should not be found in contempt of the Three Discovery Orders, including at the November 5, 2021 Hearing.  Indeed, it is undisputed that Defendants did not pay the amounts due as of the date of the November 5, 2021 Hearing, or made any attempt to substantially comply with these orders.  Nor have Defendants offered any good faith and reasonable interpretations of the Three Discovery Orders that would explain their noncompliance, or produced evidence demonstrating their inability to comply, as Defendants offer only the same arguments addressed above.

Accordingly, the court FINDS by clear and convincing evidence and ADJUDGES Defendants Abrams, Mills, Rinelli, Wooten, and Armstrong to be in Contempt of the Three Discovery Orders.

## III.    **Sanctions**

### A.     **Legal Standards**

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Gen. Signal Corp. v. Donallco, Inc*., 787 F.2d 1376, 1380 (9th Cir. 1986).  Accordingly, there are two types of civil contempt sanctions—coercive and compensatory—and the district court may impose sanctions for either or both of these purposes.  *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778–79 (9th Cir. 1983); *United States v. United Mine Workers of America* ("*UMWA*"), 330 U.S. 258, 303–04 (1947).  The Ninth Circuit "defer[s] considerably to the judgment of the district court in fashioning the appropriate sentence because of its proximity to the events out of which contempt springs."

1    *United States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980).  In issuing such sanctions,

2    the district court is required to make "a statement of the purpose or purposes" that

3    underlie a sanction for civil contempt.  *Shuffler*, 720 F.2d at 1147.

4    Compensatory sanctions are intended "to compensate the contemnor's

5    adversary for the injuries which result from the noncompliance." *Falstaff*, 702 F.2d at

6    778.  "Where compensation is intended, a fine is imposed, payable to the

7    complainant." *UMWA*, 330 U.S. at 304.  "Such fine must of course be based upon

8    evidence of complainant's actual loss, and his right, as a civil litigant, to the

9    compensatory fine is dependent upon the outcome of the basic controversy." *Id.*

10   A court may award the moving party's attorneys' fees in obtaining the contempt

11   finding as a form of compensatory contempt sanctions.  *See*, *e.g.*, *Donovan v.*

12   *Burlington N.*, 781 F.2d 680, 684 (9th Cir. 1986) (quoting *Perry*, 759 F.2d at 705)

13   (recognizing "the cost of bringing the violation to the attention of the court is part of

14   the damages suffered by the prevailing party") (citation and brackets omitted).

15   Whether to award fees and expenses as a remedial measure in a contempt action is left

16   to the discretion of the district court.  *Perry*, 759 F.2d at 705–06.

17   The Ninth Circuit has adopted the "lodestar" approach for assessing the award

18   of attorney's fees, under which "[t]he 'lodestar' is calculated by multiplying the

19   number of hours the prevailing party reasonably expended on the litigation by a

20   reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th

21   Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th

22   Cir. 2001)).  A party seeking an award of attorney's fees "must submit evidence to

23   support the number of hours worked and the rates claimed." *Global Ampersand, LLC*

24   *v. Crown Eng'g & Constr.*, 261 F.R.D. 495, 502 (E.D. Cal. 2009) (citing *Van Gerwen*

25   *v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)).

26   Coercive sanctions, in contrast to compensatory sanctions, are intended "to

27   coerce the defendant into compliance with the court's order[.]" *Shell Offshore, Inc. v.*

28   *Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016).  A court may issue coercive

sanctions to force a party's compliance with its discovery obligations. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992) ("Where the purpose of a civil contempt sanction is to coerce good faith efforts to comply with a discovery request, contempt is proper.").  Where the sanctions serve a coercive purpose, the court "must 'consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 516 (9th Cir. 1992) (quoting *UMWA*, 330 U.S. at 304; *Gen. Signal*, 787 F.2d at 1380; *Shuffler*, 720 F.2d at 1148).  However, a "district court should apply the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders." *Flores*, 628 F.2d at 527 (quoting *Matter of Grand Jury Impaneled January 21, 1975 (Freedman)*, 529 F.2d 543, 551 (3d Cir. 1976), *cert. denied*, 425 U.S. 992 (1976)).

One type of civil contempt coercive sanction is a per diem fine payable to the court and imposed for each day a contemnor fails to comply with an affirmative court order.  *Ayres*, 166 F.3d at 995; *Gen. Signal*, 787 F.2d at 1380; *see also, e.g., A&F Bahamas, LLC v. World Ventry Grp.*, Case No. 2:17-cv-08523-VAP (SSx), 2019 U.S. Dist. LEXIS 128859, at *13–14 (C.D. Cal. June 7, 2019) (recommending an order that the contemnor pay the prior attorney's fees award and an additional $100 per day for each day that the fine remained unpaid from the date of the finding of contempt), *accepted* 2019 U.S. Dist. LEXIS 128860, at *2.  However, such *per diem* sanctions "are only appropriate where the contemnor is able to purge the contempt by his own affirmative act and 'carries the keys of his prison in his own pocket.'" *Ayres*, 166 F.3d at 997 (quoting *Bagwell*, 512 U.S. at 828).  "[I]n fixing the amount of a fine to be imposed as … a means of securing future compliance, [a court shall] consider the amount of defendant's financial resources and the consequent seriousness of the burden to that particular defendant." *UMWA*, 330 U.S. at 304.

/ / /

**B.    Compensatory Sanctions**

As a compensatory sanction to compensate Plaintiffs for their injuries resulting from Defendants' noncompliance with the December 21, 2020 Order and the January 8, 2021 Order, the court orders Defendants, jointly and severally, to pay Plaintiffs $2,730.00 in attorney's fees incurred in bringing the March 3, 2021 OSC Motion, which the court finds to be a reasonable award of attorney's fees according to the lodestar calculation of Mr. Slater's 7.8 hours spent drafting the motion at a reasonable hourly rate of $350.00 per hour.  Dkt. 82-1 (Slater Decl.) ¶¶ 5-6.

Similarly, as a compensatory sanction to compensate Plaintiffs for their injuries resulting from Defendants' non-compliance with the Three Discovery Orders, the court orders Defendants, jointly and severally, to pay Plaintiffs' reasonable attorney's fees incurred in bringing the September 17, 2021 OSC Motion in the amount of $5,215.00, which the court finds to be a reasonable award of attorney's fees according to the lodestar calculation of 14.9 hours of Plaintiffs' counsel's time spent drafting the motion at a reasonable hourly rate of $350.00 per hour.  Dkt. 213-4 at 4-6 (Slater Decl. ¶¶ 8-9).

The court ORDERS Defendants to pay the foregoing additional compensatory sanctions no later than December 6, 2021.  These additional compensatory sanctions total $7,945.00, for which Defendants Abrams, Rinelli, Mills, Wooten, and Armstrong are jointly and severally liable.  Failure to pay these two compensatory sanctions by December 6, 2021 may result in an additional finding of contempt and the imposition of additional compensatory and coercive sanctions, if applicable.

**C.    Coercive Sanctions**

As a coercive sanction to induce Defendants' compliance with the December 21, 2020 Order, the January 8, 2021 Order, and the Three Discovery Orders, the court ORDERS a per diem fine payable to the court, for which Defendants Abrams, Rinelli, Mills, Wooten, and Armstrong are jointly and severally liable, in the amount of $100.00, for each day the amounts due under the December 21, 2020 Order, the

January 8, 2021 Order, and the Three Discovery Orders remain unpaid, starting
November 6, 2021, and for each day up to and including December 3, 2021.

If the amounts due under the December 21, 2020 Order, the January 8, 2021
Order, the Three Discovery Orders, and the applicable per diem fines ordered by this
court have not been paid on or before the 1:30 p.m. hearing on December 3, 2021, the
court will order Defendants Abrams, Mills, Rinelli, Wooten, and Armstrong to
surrender to the U.S. Marshal's Service in court and to remain in custody until all
amounts due under the December 21, 2020 Order, the January 8, 2021 Order, the
Three Discovery Orders, and the applicable per diem fines ordered by this court have
been paid in full.  The court will issue an arrest warrant for any Defendant who fails to
appear for the status conference on December 3, 2021.

### D.  Terminating Sanctions Under Fed. R. Civ. P. 11

In the March 3, 2021 OSC Motion, Plaintiffs also move the court to order
Defendants to show cause why terminating sanctions should not be issued on
Defendants' counterclaims under Fed. R. Civ. P. 11 for Defendants' "dilatory and
obstreperous conduct through this litigation, mostly especially [sic] in connection with
discovery." Dkt. 82 at 9.  Plaintiffs do not, however, explain the appropriate legal
standard under Rule 11 or brief the exact conduct in discovery they believe warrants
sanctions under Rule 11.  *See generally* Dkt. 82.

Additionally, Plaintiffs fail to support their argument regarding Rule 11
sanctions with specific citations to evidence, and the only evidence in the record
regarding the March 3, 2021 OSC Motion concerns Defendants' failure to pay service
costs and attorney's fees, as required by the December 21, 2020 and the January 8,
2021 Orders.  *See* Dkt. 82-1 (Slater Decl.) (explaining only the failure to pay service
costs and attorney's fees); Dkt. 82-4 (same).  Thus, the court declines to order
terminating sanctions at this time, for Defendants' alleged misconduct during
discovery in this action.

/ / /

## **CONCLUSION**

In sum, and for the reasons stated herein, the court:

- FINDS by clear and convincing evidence and ADJUDGES Defendants Abrams, Rinelli, Mills, Wooten, and Armstrong to be in contempt of the December 21, 2020 Order;

- FINDS by clear and convincing evidence and ADJUDGES Defendants Rinelli, Mills, and Wooten to be in contempt of the January 8, 2021 Order;

- FINDS by clear and convincing evidence and ADJUDGES Defendants Abrams, Rinelli, Mills, Wooten, and Armstrong to be in contempt of the Three Discovery Orders dated July 8, 2021 (Dkt. 134), July 14, 2021 (Dkt. 146), and August 10, 2021 (Dkt. 182);

- ORDERS Defendants Abrams, Rinelli, Mills, Wooten, and Armstrong, jointly and severally, to pay Plaintiffs $2,730.00 in attorney's fees incurred in bringing the March 3, 2021 OSC Motion, by no later than December 6, 2021;

- ORDERS Defendants Abrams, Rinelli, Mills, Wooten, and Armstrong, jointly and severally, to pay Plaintiffs $5,215.00 in attorney's fees incurred in bringing the September 17, 2021 OSC Motion, by no later than December 6, 2021;

- ORDERS Defendants Abrams, Rinelli, Mills, Wooten, and Armstrong, jointly and severally, to pay to the court a per diem fine of $100.00 starting November 6, 2021, for each day up to and including December 3, 2021 for all amounts owed under the December 21, 2020 Order, the January 8, 2021 Order, and the Three Discovery Orders; and

- SETS a status conference for December 3, 2021 at 1:30 p.m. and ORDERS Defendants Abrams, Rinelli, Mills, Wooten, and Armstrong to appear in-person to address their compliance with the December 21, 2020

21

Order, the January 8, 2021 Order, the Three Discovery Orders, and payment of the per diem fine payable to the court, if applicable.

If the amounts due under the December 21, 2020 Order, the January 8, 2021 Order, the Three Discovery Orders, and the applicable per diem fines have not been paid in full on or before the 1:30 p.m. hearing on December 3, 2021, the court will order Defendants Abrams, Mills, Rinelli, Wooten, and Armstrong to surrender to the U.S. Marshal's Service here in court and to remain in custody until all amounts due under the December 21, 2020 Order, the January 8, 2021 Order, the Three Discovery Orders, and the applicable per diem fines have been paid in full.  The court will issue an arrest warrant for any Defendant who fails to appear for the status conference on December 3, 2021.

The court will purge the contempt as to Defendants Abrams, Mills, Rinelli, Wooten, and Armstrong only upon a joint filing by Plaintiffs and Defendants, in which Plaintiffs and Defendants' counsel attest under penalty of perjury that Defendants have paid Plaintiffs, and that Plaintiffs have received, all amounts due under the December 21, 2020 Order, the January 8, 2021 Order, and the Three Discovery Orders, and that Defendants have paid all applicable per diem fines to the court.

IT IS SO ORDERED.

Dated: November 9, 2021

FERNANDO L. AENLLE-ROCHA
United States District Judge