JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RG ABRAMS INSURANCE, and ROBIN GOLTSMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> THE LAW OFFICES OF C.R. ABRAMS, et al. <br><br> Defendants. | Case No.: 2:21-cv-00194-DFM <br><br> [~~PROPOSED~~] FINAL JUDGMENT |
| AND RELATED COUNTERCLAIMS | |

- 1 -

# [PROPOSED] FINAL JUDGMENT

WHEREAS, in February 2020, Plaintiffs RG Abrams Insurance and Robin Goltsman's (collectively, "Plaintiffs") filed their Complaint in the United States District Court for the Northern District of California (see Dkt. 1);

WHEREAS, the Complaint alleged eleven claims against Plaintiffs' former business partners and associates: Defendants The Law Office of C.R. Abrams, Christopher R. Abrams, Rinelli Law Group, Sarah Rinelli, Jack R. Mills, Robin Armstrong and Cynthia Wooten (collectively, "Defendants") (see id.);

WHEREAS, Plaintiffs brought a federal claim under the civil provision of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g) ("CFAA"), as well as the following claims under California law: fraud and intentional deceit; negligent misrepresentation; intentional and negligent interference with prospective economic advantage; conversion; breach of contract; breach of implied covenant of good faith and fair dealing; breach of fiduciary duty and duty of loyalty; unjust enrichment and promissory estoppel; and civil conspiracy (see id.);

WHEREAS, in April 2020, Christopher R. Abrams filed a counter-complaint against RG Abrams Insurance and Robin Goltsman for: (1) breach of written contract; (2) battery; and (3) nuisance (see Dkt. 19);

WHEREAS, in June 2020, Sarah Rinelli and Jack R. Mills filed a counter-complaint against RG Abrams Insurance and Robin Goltsman for: (1) violation of California Labor Code § 2802; (2) violation of California Labor Code § 226.8; (3) failure to pay overtime wages in violation of California Labor Code §§ 1194, 510(a), and California Code of Regulations § 11040; (4) failure to pay discharged employees in violation of California Labor Code §§ 201, 202, 203; (5) failure to provide itemized statements in violation of California Labor Code § 226; (6) negligent infliction of emotional distress; and (7) unfair business practices in violation of California Business & Professions Code § 17200 et seq. (the Unfair Competition Law, "UCL") (see Dkt. 23);

1  WHEREAS, in June 2020, Robin Armstrong and Cynthia Wooten filed a counter-complaint against RG Abrams Insurance and Robin Goltsman for: (1) violation of California Labor Code § 2802; (2) violation of California Labor Code § 226.8; (3) failure to pay overtime wages in violation of California Labor Code §§ 1194, 510(a), and California Code of Regulations § 11040; (4) failure to provide meal and rest periods in violation of California Labor Code §§ 226.7, 512, and California Industrial Welfare Commission Wage Order 5 (5) failure to pay discharged employees in violation of California Labor Code §§ 201, 202, 203; (6) failure to provide itemized statements in violation of California Labor Code § 226; (7) failure to maintain insurance in violation of Labor Code 3706; (8) negligent infliction of emotional distress; and (9) unfair business practices in violation of the UCL (see Dkt. 24);

WHEREAS, in January 2021, this action was transferred from the United States District Court for the Northern District of California to the United States District Court for the Central District of California (see Dkt. 71);

WHEREAS, following its transfer, the case was assigned to United States District Judge Fernando L. Aenlle-Rocha and United States Magistrate Judge Maria A. Audero;

WHEREAS, in December 2021, The Law Offices of C.R. Abrams and Rinelli Law Group filed a counter-complaint against RG Abrams Insurance and Robin Goltsman as well as a new counter-defendant, Core Seminars, Inc., for: (1) breach of written contract; (2) nuisance; and (3) unfair business practices in violation of the UCL (see Dkt. 282);

WHEREAS, in September 2023, Judge Aenlle-Rocha granted RG Abrams Insurance, Robin Goltsman and Core Seminars' motion to dismiss The Law Offices of C.R. Abrams's counterclaim for breach of contract (see Dkt. 425);

WHEREAS, on January 22, 2024, Judge Aenlle-Rocha granted summary judgment as to (1) RG Abrams Insurance and Robin Goltsman's claims for violation of the CFAA and conversion against Christopher Abrams, Sarah Rinelli, and Jack R.

1  Mills; and as to (2) RG Abrams Insurance and Robin Goltsman's civil conspiracy
2  claim against Christopher R. Abrams, Sarah Rinelli, Jack R. Mills, and Robin
3  Armstrong (see Dkt. 427 at 22);

4      WHEREAS, Plaintiffs' damages remained to be established at trial (see id.);

5      WHEREAS, with the consent of the parties, this action was reassigned to
6  United States Magistrate Judge Douglas F. McCormick on June 12, 2024 (see Dkt.
7  453);

8      WHEREAS, from December 3, 2024 to December 11, 2024, the Court held a
9  jury trial in this action in Courtroom 6B of the United States District Court for the
10 Central District of California in Santa Ana, California (Ronald Reagan Federal
11 Building), the Honorable Judge McCormick presiding (see Dkt. 497-515);

12     WHEREAS, at trial, Plaintiffs appeared by and through their attorneys of
13 record, Albert Tong and Michael Slater; and Defendants appeared at trial through
14 their attorney of record, Timothy Donahue (see Dkt. 497-515);

15     WHEREAS, at trial, Plaintiff Robin Goltsman pursued four of her original
16 eleven claims: (1) CFAA; (2) conversion; (3) conspiracy; and (4) fraud (see Dkt. 496);

17     WHEREAS, at trial, Defendants pursued all of their counterclaims, except for
18 their UCL counterclaims (which the parties agreed would be decided by the Court
19 following the jury trial) and The Law Offices of C.R. Abrams's counterclaim for
20 breach of contract previously dismissed (see Dkt. 425);

21     WHEREAS, at trial, the jury awarded Robin Goltsman $783,918.00 in damages
22 for Christopher Abrams, Sarah Rinelli, and Jack R. Mills's violation of the CFAA
23 (see Dkt. 512 at 2);

24     WHEREAS, at trial, the jury awarded Robin Goltsman $139,361.00 in damages
25 for Christopher Abrams, Sarah Rinelli, and Jack R. Mills's conversion of her property
26 (see id. at 3);

WHEREAS, at trial, the jury rejected Robin Goltsman's civil conspiracy claim against Cynthia Wooten; and rejected Robin Goltsman's fraud claim against Jack R. Mills, Robin Armstrong, and Cynthia Wooten (see id. at 4-10);

WHEREAS, at trial, the jury rejected all of Defendants' counterclaims that were tried, which were: Christopher R. Abrams's counterclaims for breach of contract and battery; and The Law Offices of C.R. Abrams, Chrisopher R. Abrams and Rinelli Law Group's counterclaim for nuisance; and all Labor Code counterclaims made by Defendants (see Dkt. 512 at 11-29);

WHEREAS, following trial, Plaintiffs filed a Motion for Permanent Injunction (see Dkt. 522, 527, 530);

WHEREAS, following trial, Defendants filed a Motion for Findings of Fact and Conclusions of Law (see Dkt. 523, 528, 529);

WHEREAS, on April 15, 2025, the Court denied Plaintiffs' Motion for Permanent Injunction (see Dkt. 539);

AND WHEREAS, on April 15, 2025, the Court denied Defendants' Motion for Findings of Fact and Conclusions of Law, and in so the Court determined that Defendants' UCL counterclaims failed (see id.);

**NOW, THEREFORE:**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment hereby enters in favor of Plaintiff Robin Goltsman and against Defendants Christopher R. Abrams, Sarah Rinelli, and Jack R. Mills as to Robin Goltsman's claim for violation of the Computer Fraud and Abuse Act. With respect to said Computer Fraud and Abuse Act claim, the total amount of the judgment in favor of Robin Goltsman and against Christopher R. Abrams, Sarah Rinelli, and Jack Mills is $783,918.00 (the "CFAA Judgment Amount"). Christopher R. Abrams, Sarah Rinelli, and Jack Mills are jointly and severally liable to pay Plaintiff Robin Goltsman the CFAA Judgment Amount plus pre- and post-judgment interest at a rate of 4.12 percent per annum (equal to $88.49 per day) beginning from the date of the jury's verdict

(December 11, 2024) through and until the date the CFAA Judgment Amount and all accrued interest is paid in full.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that judgment hereby enters in favor of Plaintiff Robin Goltsman and against Defendants Christopher R. Abrams, Sarah Rinelli, and Jack R. Mills as to Robin Goltsman's claim for Conversion. With respect to said Conversion claim, the total amount of the judgment in favor of Robin Goltsman and against Christopher R. Abrams, Sarah Rinelli, and Jack Mills is $139,361.00 (the "Conversion Judgment Amount"). Christopher R. Abrams, Sarah Rinelli, and Jack Mills are jointly and severally liable to pay Plaintiff Robin Goltsman the Conversion Judgment Amount plus pre- and post-judgment interest at a rate of 4.12 percent per annum (equal to $15.73 per day) beginning from the date of the jury's verdict (December 11, 2024) through and until the date the Conversion Judgment Amount and all accrued interest is paid in full.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that judgment hereby enters in favor of Plaintiff Robin Goltsman and against Defendants Christopher R. Abrams, Sarah Rinelli, Jack R. Mills, and Robin Armstrong as to Robin Goltsman's claim for civil conspiracy against Defendants Christopher R. Abrams, Sarah Rinelli, Jack R. Mills, and Robin Armstrong.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that judgment hereby enters in favor of Plaintiff Robin Goltsman and against Defendants The Law Office of C.R. Abrams, Christopher R. Abrams, Rinelli Law Group, Sarah Rinelli, Jack R. Mills, Robin Armstrong and Cynthia Wooten as to all counterclaims asserted by Defendants against Robin Goltsman, RG Abrams Insurance and Core Seminars, Inc.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Robin Goltsman is the prevailing party in this action and is, therefore, entitled to recover the costs she incurred in this action according to law.

1  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court
2  shall retain jurisdiction of this action for the purpose of enforcing the terms of this
3  Final Judgment.
4  The Clerk SHALL enter this Final Judgment forthwith.
5  **IT IS SO ORDERED.**

Dated: May 30, 2025

DOUGLAS F. McCORMICK
United States Magistrate Judge